295 So.2d 413

Frank ODELL

v.

Roy C. MYERS.

Civ. 289.

Court of Civil Appeals of Alabama.

On Denial of Rehearing May 1, 1974.

See also, Ala.Civ.App., 52 Ala.App. 565, 295 So.2d 419.

Simmons, Torbert & Cardwell, Gadsden, for appellant.

Robert H. King, Gadsden, for appellee.

WRIGHT, Presiding Judge.

Upon motion for rehearing the original opinion is withdrawn and this opinion substituted in lieu thereof. Application for rehearing overruled.

This is a review by certiorari of a judgment in favor of the employee in a Workmen's Compensation case.

The judgment of the trial court was that the employee, Roy Myers was entitled to compensation due to an injury to his back occurring in the course of his employment with appellant Frank Odell. That, appellee's injury resulted in temporary total disability for a period of 62 weeks and appellee suffered a permanent partial disability of the body of 35%, which permanent partial disability of the body of 35% effected a permanent partial loss of ability to earn to the extent of 35%. The court further found appellee's average weekly earning prior to his injury to have been $100. The resulting award to appellee was the amount of $55 for 62 weeks of temporary total disability and $22.75 per week for 238 weeks for permanent partial disability.

Appellant has assigned and argued several errors of the trial court. We will first consider jointly several assignments directed to rulings of the trial court as to admission of testimony.

One of the rulings of the trial court came in response to an objection by appellant to a question asked appellee by his attorney as to why he left the hospital. The court's ruling on the objection was to the effect that he wanted to hear the answer even though it was hearsay and might be cause for reversal.

In answer to the question the witness testified as to what the doctors told him as to his condition and the need of an operation. He stated he did not have the money for an operation. Motion to exclude the answer was overruled.

Another ruling overruled objection to a question asked appellee about an examination by a doctor made prior to his injury. The question objected to was "Did he find anything wrong with you?" The witness answered "No sir." Motion to exclude was overruled.

In another instance counsel for appellee was permitted to take the stand and testify as to his opinion of the attitude, bias, prejudices, and in effect, of the medical ability of appellant's witness Dr. Warren, a neu-

rosurgeon. Counsel further testified as to what Dr. Warren had told him about other cases in which he had examined persons. Strenuous objections to such testimony were overruled.

It is clear that the testimony in these instances was illegal, and so contrary to basic rules of evidence that citation as to such illegality is unnecessary.

The questions called for declarations of motive, intent and conclusions of the witness based upon hearsay. In the latter instance, the sworn testimony of the attorney as to his opinion of the medical qualifications, attitudes and bias of an examining physician yet to testify was patently illegal and inadmissible.

■ It is the rule, in a case at law tried without a jury that admission of illegal evidence over objection requires a reversal unless the remaining evidence is without conflict and sufficient to support the judgment. Pfingstl v. Solomon, et al., 240 Ala. 58, 197 So. 12; Robinson v. Solomon Bros. Co., 229 Ala. 137, 155 So. 553.

■ We have before us several instances of admission of illegal evidence over strong objection with specifically stated grounds. There is one instance in which the court stated it wanted to hear evidence without concern of its illegality. The remaining evidence is not without conflict and we are bound to the conclusion that the trial court considered at least some of the admitted illegal evidence. The influence such consideration had on the court's finding of fact and conclusions of law is an unknown quantity. We do not believe a judge sitting as a trier of fact should be permitted to consider illegal evidence any more than should a jury. Our belief in this principle is greatly strengthened in this case by the several instances of admission of illegal evidence admitted over specific and extended objection. In view of the acknowledgment of the court in one instance, and the presumption in other instances that the court considered illegal evidence, because of overruling of

objections, Bessemer Theaters v. City of Bessemer, 261 Ala. 632, 75 So.2d 651, it is our opinion that the judgment of the court should be reversed and the case remanded for a new trial and judgment free from influence of illegal evidence.

■ Our decision is made with the recognition that Workmen's Compensation cases should receive prompt consideration in the trial courts and equally so in the appellate courts. However, we equally recognize the right of a defendant to a fair and impartial hearing with a judgment founded solely upon legal evidence.

Since it is our judgment that the case must be reversed and remanded for a new trial because of the repeated admission of illegal evidence, we will not set out here the tendencies of the evidence presented below. However, for the benefit of counsel and aid to the trial court in a new trial we will discuss other assignments of error. One of these assignments is well taken and requires reversal in part and remandment for further testimony and/or reconsideration.

The error we refer to is the finding of the court as to the average weekly wage of appellee from which computation of compensation is made. The trial court found the average weekly earnings of appellee to have been $100. Appellant contends there is no evidence to support such finding. We agree.

Title 26, § 279(G) provides the methods of determining the average weekly earning of a claimant for Workmen's Compensation. The first method is

"Average weekly earnings shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury divided by fifty-two."

■ If circumstances of employment have been such that the above method may be applied, its application is mandatory and

exclusive. Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315; H. C. Price Co. v. Lee, 249 Ala. 230, 30 So.2d 579. Due to appellee having been employed by appellant only a few weeks prior to injury, this method of computation is not applicable in this case. The statute continues

"Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained."

■ It has been held that this method is not mandatory but allows the court to determine if its use will produce just and fair results. Unless the court determines that for some valid reason the use of such method will not produce just and fair results, the method is not merely optional and should be used. Brunson Milling Co. v. Grimes, supra.

The statute continues

"Where by reason of the shortness of the time during which the employee has been in the employment of his employer, or the casual nature or terms of the employment, it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks prior to the injury was being earned by a person the same grade employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district."

We conclude that the last quoted part of the statute provides the basis or reason for departure from using the second method. That is—by reason of the shortness of the time of employment or the casual nature of such employment, it is impractical to use such method and its use would not produce results fair and just to both parties. If

such is determined by the court to be the case, the method may be abandoned. Then, according to the statute, average weekly earnings for the injured may be computed by considering the average weekly earnings of a co-employee of the same grade doing the same work for the same employer who has been employed for the prior fifty-two weeks.

If there is no such co-employee, regard or consideration will be given to the average weekly earnings of a worker of the same grade, doing the same work in the same district. If such consideration is given, and a determination made of average weekly earnings to be used as a base for payment of compensation, the result must be fair and just to both parties. We find this to be the only reasonable construction of Section 279(G) when considered in its entirety.

■ In this case, appellee was employed some two and a half months. He was paid in cash without deductions. Appellee stated he was paid $20 per day or $10 per half day. Appellant stated his rate of pay was $2.50 per hour. There were no records of weekly sums paid except six weekly sums handwritten on a sheet of paper by appellant. Appellee's employment was as an equipment operator working in the woods, cutting and hauling pulpwood. It was rare that weather conditions permitted a full 40 hour week. Of course, work ceased when weather became inclement. There was no testimony of average earnings of co-employees or other similarly employed in the district. The average of the six weeks wages shown by the evidence was $59 a week. It was undisputed that the maximum possible to earn was $100 per week. Therefore, the finding of the court that the average weekly earnings of appellee for compensation payment was $100 per week is unsupported by the evidence. It represents maximum possible earnings not an average.

Appellant charges error in the admission of the testimony of witness John Newman

as expert testimony. We comment upon the charged error as follows:

The witness, until retiring January 1, 1973, was manager of the Gadsden office of the State Employment Service of the State of Alabama. His testimony was that he had interviewed appellee at the request of his counsel and for the purpose of giving testimony for a fee at the trial. He was given information by appellee as to his injury and resulting physical condition, together with a prior education and employment history. He had read a report from Dr. Sherrill written to appellee's counsel. With this information applied to his knowledge of employer requirements for acceptability for employment in the various industries in the area, he formed the opinion that appellee was 100% unemployable.

It was appellant's objection that an opinion based upon unsworn hearsay, both from the appellee and from the doctor was inadmissible and improper. Appellant's objection was well taken. The witness was not given a hypothetical case based upon facts established by evidence at the trial. It is the well settled rule that unless an expert opinion is based upon his own knowledge of the facts, such opinion must come from a hypothetical question based on facts in evidence. Blakeney v. Ala. Power Co., 222 Ala. 394, 133 So. 16; Ala. Power Co. v. Johnson, 281 Ala. 259, 201 So.2d 514.

The qualification of the witness Newman to testify as an expert witness as to the employability of a person in the area of Gadsden was determined in our recent case of Unexcelled Mfg. Corp. v. Ragland, 52 Ala.App. 57, 289 So.2d 626. The issue here is not whether he was qualified as an expert in the field of employability, but whether the opinion given was formed from information properly obtained. His knowledge of hiring practices and requirements of employees in the area was obtained from his own investigation and experience gained over thirty years in the field. His knowledge of the physical condition and abilities of the appellee was obtained from unsworn, uncorroborated in-

formation given him by appellee and a doctor's letter. Such information was not disclosed by him prior to his statement of opinion. He had no personal knowledge of the physical condition nor attributes for employment of appellee, nor was his opinion formed from having facts in evidence presented to him. The witness simply stated that after having talked to appellee and read an undisclosed statement of a doctor, it was his opinion appellee was 100% unemployable.

However expert a witness may be, an opinion found in such manner is inadmissible. Its admission in this case was error.

Appellant charges that the finding of the court that appellee suffered temporary total disability for 62 weeks and permanent partial disability of 35% for 238 weeks is not supported by the evidence.

We have stated in this case, in effect, that it affirmatively appears from the record that the judgment of the trial court was reached after consideration of a substantial quantity of illegal evidence. There is not sufficient statement of facts in the order of the court to enable us to determine from what evidence, legal or illegal, the conclusion of 62 weeks temporary total disability and the 35% permanent partial disability was reached. Though our review of the legal evidence and possible inferences therefrom indicate a sufficiency to support the finding of the court, it would equally support different findings. Thus it is impossible to determine what the finding and judgment of the court might have been had the court considered only the legal evidence. Viewing the case in this posture, it would be prejudicial to appellant not to require a reconsideration only upon legal evidence.

In requiring reconsideration, we observe that in order to sufficiently support a finding of a percentage of disability, the evidence need not necessarily contain direct testimony of permanent disability or a specific percentage thereof. The finding of a permanent disability and a specific percentage of such disability of

the body as a whole is an utlimate fact for the court to determine from all the evidence, including its observation of the witness. Semmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So.2d 331.

■ It may be further stated that in order to support a finding of disability and a percentage thereof, the evidence need not necessarily contain expert testimony thereon, and if it does, such testimony is not conclusive upon the court even though uncontroverted. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380.

Though not presented in argument, we have noted that the court made a finding of 62 weeks temporary total disability as of May 10, 1973. Appellee was injured January 21, 1972. Our calculations indicate a 68 week interval from January 21, 1972 to May 10, 1973.

■ Appellant has vigorously argued that this Court should depart from the established method of review by certiorari in Workmen's Compensation cases. This we cannot do. The method of review in such cases is directed by Title 26, Section 297, Code of Alabama. The statute was first construed in the case of Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803 [1921]. The Supreme Court of Alabama has continuously followed and reiterated that construction since that time. The legislature has met many times and the Workmen's Compensation Law has been amended many times, but Section 297 remains the same. To contend that the construction of the statute by the court in 1921 was not as intended by the legislature is about as shaky as a contention can be.

For error in admission and prejudicial consideration of illegal evidence, and for error in the finding of the average weekly earnings of appellee, this case is reversed and remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.