340 So.2d 20 (1976)
Terry WILLIAMS
v.
Raymond TYLER, Administrator, etc.
SC 1713.
Supreme Court of Alabama.
October 1, 1976.
Rehearing Denied December 30, 1976.
Richard W. Whittaker, Enterprise, for appellant.
G. A. Lindsey, Elba, for appellee.
PER CURIAM.
This is an appeal from the order of the trial court granting a motion for a new trial on the ground that an expert witness had been allowed to give inadmissible testimony through a hypothetical question addressed to him. In his order the trial judge described the evidence offered through the expert, thereafter stating:
"The court is of the considered opinion, fully realizing the consequences of the result, that it erred in allowing witness Robinson to develop facts based upon hearsay which were later assumed, and the court abused its discretion in allowing the expert testimony to be presented to the jury on the hypothetical question as phrased on the issue of speed, reaction and direction of travel after impact, impact point on the roadway and in whose lane of travel the collision occurred."
After a careful review of the record, we are convinced that the decision of the trial judge in granting the motion for a new trial must be sustained. Granting or denying a new trial motion is a matter resting largely in the discretion of the trial judge and exercising it carries a presumption of correctness. Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973).
We have repeatedly held that such action is sustainable if there is any ground of the motion justifying that action, regardless of whether the ruling may have been rested on an improper ground. Lawson v. General Telephone Company of Alabama, 289 Ala. 283, 267 So.2d 132 (1972); Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224 (1945). The order of the trial court is due to be, and is, affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
HEFLIN, C. J., and BLOODWORTH, FAULKNER and JONES, JJ., dissent.
*21 JONES, Justice (dissenting).
This appeal contests the order of the trial court granting a new trial on the ground that an expert witness (an accident reconstruction specialist) had been erroneously permitted to give certain conclusions favorable to the plaintiff based upon a hypothetical question.[1]
The trial Court's order granting the defendant's motion for a new trial is based on a single ground specified in the motion. Thus, our scope of review has been considerably narrowed. In so stating, I am not overlooking the well-established rule of review that this Court will not reverse an order granting a new trial, even where the ruling is based on a specific ground and that ground is invalid, if the appellee shows error in the trial on any other ground assigned in the motion. Jefferson Iron & Metal Company v. Bethune, 263 Ala. 131, 81 So.2d 674 (1955). See also Lawson v. General Telephone Company of Alabama, 289 Ala. 283, 267 So.2d 132 (1972). Appellee, here, confines his support of the trial Court's ruling to the ground assigned in the order granting the motion.
The issue here presented can be best understood by our recital of a substantial portion of the trial Court's order:
"* * *
"The motion for new trial attacks the rulings of the court allowing Mr. Henry G. Robinson, an accident reconstruction expert, to testify over objections as to the point of impact between the vehicles involved in the collision; the speed of the vehicles at the time of collision; the reaction of the vehicles after impact; the angle of impact; and the weight of the vehicles.
"If an expert witness has no personal knowledge of the facts on which his opinion is offered, he must base his opinion on a hypothetical question. The facts assumed as true must be specified to him in a hypothetical question. The hypothetical question must not assume a fact unless a finding of that fact is warranted by the evidence previously introduced.
"The hypothetical questions propounded by the plaintiff to the witness Robinson on direct examination assumed in some instances facts which were introduced into evidence by the use of Robinson over objections of the defendant. Thus, if the answers to the questions by Robinson were erroneous prior to the hypothetical question and the facts assumed in the hypothetical question were based upon the answers erroneously admitted, the hypothetical question assumed illegal evidence in the case.
"The evidence in the case prior to Robinson assuming the witness stand was elicited from the plaintiff and Trooper Weekley. The plaintiff, Williams, was permitted prior to an objection invoking the Alabama Deadman's Statute to testify as to the location of the collision and weather conditions and that he and Tyler were operating the vehicles involved and he was on his side of the road and saw a car approaching him with headlights. Trooper Weekley described the accident scene and location and called it a head-on collision. He described the damage to the separate vehicles, the location of groove and gouge marks and upon his physical examination of all data, gave the point of impact under the Williams' vehicle and in the Tyler lane of traffic. Further, it was elicited that prior to the collision, a portion of the Tyler vehicle had been off of the right edge of the traveled surface of the highway in the direction of travel.
"Robinson checked both vehicles, took pictures of the accident scene, made measurements, and examined the accident report and pictures of the accident scene made by some other person. With the use of pictures of the damaged vehicles, Robinson over objection was permitted to express his opinion as to the direction of force that caused the damage. With the use of color photographs made by Robinson, he was permitted over objection *22 to state the position of the wrecked vehicles and groove and gouge marks. The hypothetical question in substance assumed the date, time, place, highway width and grade, direction of travel of each vehicle, weather conditions, location of each vehicle after collision with reference to groove and gouge marks, damage to the vehicles, direction of force causing the damage, weight of the vehicles, and all facts discovered upon investigation. Robinson then expressed his opinion as to speed, impact point of the vehicles, reaction and direction of travel after impact, impact point on the roadway and in whose lane of travel the collision occurred.
"The court is of the considered opinion, fully realizing the consequences of the result, that it erred in allowing witness Robinson to develop facts based upon hearsay which were later assumed, and the court abused its discretion in allowing the expert testimony to be presented to the jury on the hypothetical question as phrased on the issue of speed, reaction and direction of travel after impact, impact point on the roadway and in whose lane of travel the collision occurred." (Emphasis added.)
It is apparent from the order granting a new trial that the trial Judge was not basing his ruling on whether the plaintiff had the legal right to use an expert witness for the purpose of proving the point of impact of the two vehicles, nor was he concerned with the competency of this particular witness to testify as an expert on the factual issue. See Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972). It is clear that the trial Court felt that the accident reconstruction expert (Robinson), by way of the hypothetical question, based his conclusions, in the form of opinion evidence, on certain hearsay testimony which the expert himself was allowed to give over defendant's objection. This hearsay evidence is not pointed out specifically in the trial Court's order. Counsel for the defendant has not directed us to such testimony in his brief, and my careful study of the record has failed to disclose any illegal testimony contained in the hypothetical question which would render inadmissible the expert witness' opinion evidence.
The only direct clue disclosed by our detailed review of the record as to the "hearsay" referred to in the order granting a new trial is the reference in the order to the accident report and pictures. This is buttressed in the argument section of appellee's brief where it states that the hypothetical question "directs the witness to express his opinion based upon unsworn hearsay as regards the accident report and pictures which were supplied him by others and which he testified that he did in fact consider in the reconstruction of the accident."
The rationale for my dissent in favor of reversal can best be stated in the context of the defendant's (appellee's) argument supportive of the trial Court's order granting the motion for a new trial, which argument we now set out in full:
"In the case of Odell vs. Meyers [52 Ala.App. 558], 295 So.2d 413 (1974), in which an employment expert was allowed to testify as to the employability of plaintiff after having been given information as to the condition of plaintiff by the plaintiff and after having read a report from the doctor of plaintiff, the Court held to be error and that the unsworn hearsay both from plaintiff and the doctor was error.
"The question also violates the prohibition of the case law of this state which directs that a hypothetical question posed to an expert witness should not assume facts not in evidence, Salotti vs. Seaboard Coast Line R. Co. [293 Ala. 1], 299 So.2d 695 (1974), nor contain elements of facts not shown by the evidence."
I have no quarrel with appellee's analysis of Odell and Salotti; and the rule of these cases is correctly summarized in the preliminary paragraphs of the trial Court's order. But the holdings of these cases are inapposite to the case at bar. While the accident report itself is inadmissible (Pike Taxi Co. v. Patterson, 258 Ala. 508, 63 So.2d 599 *23 (1952)[2], the facts contained therein may be independently testified to and thus made the basis of a hypothetical question.[3] Every assumed fact from the accident report was independently proved through the testimony of the author of the report, the state trooper who investigated the accident. Consequently, the use of the accident report by the expert witness in formulating his analysis and conclusions does not render inadmissible opinion evidence elicited by the hypothetical question which assumes facts independently testified to by the investigating officer.[4]
Likewise, I am unable to discern how any of the facts referred to come within the hearsay rule. A total of 30 photographs were admitted into evidence16 of the two cars involved and 14 of the accident scene all without objection and some of which were made by the expert witness.
There is one further possible basis for the trial Court's order granting the motion for a new trial. This is found in the concluding phrase of the next to last sentence of the sixth paragraph of the trial Court's order set out above: ". . . and all facts discovered upon investigation." This phrase was lifted substantially from the concluding portion of the hypothetical question: ". . and based upon your investigation and whatever data you might have compiled. . ."
Whether the trial Court's overruling of the defendant's objection to the hypothetical question for its inclusion of this phrase was error need not be decided. Assuming error, when reviewed by the trial Court in considering the motion for a new trial, it was error without injury if it is clear that the expert witness' testimony was based only on facts in evidence. Otherwise stated, in ruling on the defendant's objection to the hypothetical question in the final instance (that is, at the time the question was first posed during trial), the trial Judge may well have been within his discretion to have required the plaintiff to specify, ". . . whatever data you might have compiled"; or he may have left this for further clarification through cross-examination. But this need not be decided; and, indeed, it becomes academic if the record reveals that the expert witness specified each of the factors considered by him in arriving at his conclusions, and that each of the assumed facts so considered by the expert witness was legal and competent evidence in the case. When the answer to a question containing objectionable matter states only cognizable facts or credible evidence, the consequence of error is rendered harmless. Barfield v. South Highlands Infirmary et al., 191 Ala. 553, 68 So. 30 (1915).
A careful review of Mr. Robinson's entire testimony, including an in-depth cross-examination by the defendant, shows that his conclusions as to relative speed, direction of force, and point of impact of the two vehicles were based on the following facts: the width, grade, and condition of the highway; direction of travel of each vehicle before impact; location of each vehicle after impact with reference to groove and gouge marks on the highway; the weight of each vehicle; location and extent of damage to each vehicle; and the date, time, place, and weather conditions; all of which facts were in evidence and are summarized in the trial Court's order.
Perhaps the dispositive issue can be clarified and put in perspective by briefly reviewing the trial Court's action in permitting the state trooper to give opinion evidence as to the point of impact of the two vehicles. The investigating officer, called as plaintiff's witness, testified to the facts found by him resulting from his investigation *24 at the scene of the accident. On crossexamination, he was permitted to express his opinion, favorable to the defendant, as to the point of impact on the highway.
I note this in order to observe that the accident reconstruction expert used the same factual premises to formulate his conclusions as did the state trooper. Neither was an eyewitness to the accident; and, while the trooper observed certain of the facts firsthand (e. g., position of the vehicles following impact), the accident reconstruction expert stands on the same footing to express his opinion based upon the same facts hypothetically posed. These varying circumstances may well effect the relative credibility of the two witnesses, which is always a matter of consideration by the jury; but the law equates the two for purposes of admissibility.
I therefore would hold that the trial Court ruled correctly in the first instance in permitting the testimony of the expert witness and erred in granting the motion for a new trial.
HEFLIN, C. J., and BLOODWORTH and FAULKNER, JJ., concur.
NOTES
[1] The appellant is the plaintiff below who obtained a $15,000 judgment for personal injuries in an automobile accident in which the defendant's intestate was killed.
[2] See also Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260 (1972).
[3] For the substance of a hypothetical question virtually identical to the question posed to the expert witness in the instant case, see Maslankowski v. Beam, 288 Ala. 254, at p. 263, 259 So.2d 804.
[4] For a good discussion of the scope of hypothetical questions as the basis for opinion evidence, see Lehigh Portland Cement Company v. Dobbins, 282 Ala. 513, 213 So.2d 246 (1968).