This is a workmen's compensation case.
The employer, Orkin Exterminating Company, appeals from an order of the trial court awarding claimant Williams compensation based on a permanent partial loss of ability to earn.
The first issue presented by this appeal is whether the trial court erred in computing the employee's average weekly earnings. It is undisputed that Williams had been employed by Orkin for more than fifty-two weeks preceding his injury. Thus, the determination of his average weekly earnings is controlled by the first part of § 25-5-57 (b), Code of Alabama (1975) which reads in pertinent part:
 Compensation under this section shall be computed on the basis of the average weekly earnings. Average weekly earnings shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by 52. . . .
The courts of this state have consistently held that the application of this section in determining the average weekly earnings of an injured employee who has worked in the same employment for more than fifty-two weeks is mandatory. Odell v.Myers, 52 Ala. App. 558, 295 So.2d 413 (1974) and cases cited therein. A reading of the record shows that the trial court failed to apply this formula. The trial court found "that the plaintiff was paid bi-monthly; that he worked, on the average, forty-five hours per week, earning $3.90 per hour for the first 40 hours and $5.85 per hour for the time he worked overtime, for an average weekly wage of $185.25. . . ." The trial court then computed compensation based on this average weekly wage of $185.25. Clearly this is not the method of computation mandated by the statute and the court was in error in not applying the statutory formula.
The employer contends that there was no legal evidence before the trial court from which compensation could be computed in accordance with the statute and that its motion for directed verdict should have been granted. In considering this contention of the employer, we are guided by well-established rules of review.
The workmen's compensation laws are remedial in nature and to be construed *Page 937 
and applied liberally to effect their beneficent purposes.Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39 (1965). Where the findings of the trial court in a workmen's compensation case are supported by any evidence or reasonable inferences therefrom the trial court's judgment will not be disturbed on appeal. Loggins v. Mallory Capacitor Co.,344 So.2d 522 (Ala.Civ.App. 1977). Having carefully considered the record in light of these principles, we find there is sufficient evidence in the record from which the average weekly earnings of claimant may be determined according to the statute. The trial court may make such determination upon remand. If on remand the trial court determines that it is unable under the evidence before it to compute the employee's average weekly earnings according to the statute, it may take additional evidence for that purpose.
The employer's final issue is whether there is any evidence in the record to support the trial court's finding of a fifty percent permanent partial loss of ability to earn. Although the medical testimony was that Williams had only a five percent to ten percent medical disability, it is well established that medical testimony is not the only factor a trial court may consider in determining loss of ability to earn. Stewart v.Busby, 51 Ala. App. 242, 284 So.2d 269 (1973). The medical testimony, when considered with the other testimony concerning Williams' attempt to return to work following his injury, his employment history and skills provide sufficient evidence to support the trial court's finding. This court does not consider the weight of the evidence but only its presence in the record.Davis-Day Timber Co. v. Gentry, 54 Ala. App. 385, 309 So.2d 97
(1975).
This case is reversed and remanded for determination by the trial court of the correct amount of compensation due Williams under the statute.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.