WRIGHT, Presiding Judge.
This is an appeal from a denial of a motion for new trial, and the denial of two requested jury instructions.
*373 Appellants bought a home in Abbeville, Alabama, in December 1977, moving in permanently on New Year’s Day, 1978. Approximately three weeks later on January 25, 1978, the city sewer line which serviced appellants’ home clogged, causing raw sewage and water to back up into the home. This occurred during a period of heavy rainfall. City employees were called, and upon arrival, undertook measures to correct the situation. The City workers attempted to lower the water level in the Lowery home with a suction pump which had been placed in a nearby manhole. When this action failed, the sewer line was dug up, and a hole knocked in it to allow the water and sewage to flow out of the house into a nearby creek. A bypass drain or overflow valve was installed to guard against future problems. As soon as possible, the sewer line was “rodded out.”
Despite these actions, another backup occurred on February 9, 1978. Rainfall was not a contributing factor on this occasion. The City sewer line apparently clogged between the bypass-overflow valve installed after the January 25 incident and the Low-erys’ service line. This caused a second backup of sewage into the Lowery home. The City then installed another bypass above the Lowery service line, and subsequently replaced the entire section of the sewer serving the area. The Lowerys incurred losses to both personal and real property on each occasion.
Suit was brought against the City by Mr. and Mrs. Lowery on several counts of negligence. The case was tried to a jury which returned a general verdict for the City. The Lowerys appeal contending that the jury verdict was against the great preponderance of the evidence, palpably wrong and manifestly unjust. Thus, appellants say the trial court erred in not granting the motion for new trial. Complaint is also made about the denial of two of appellants’ requested jury instructions.
No other ground of a motion for new trial is as closely scrutinized as one based on the contention that the verdict is against the weight of the evidence. Chapman v. Canoles, 360 So.2d 319, 321 (Ala. 1978). See, also, Moon v. Nolen, 294 Ala. 454, 318 So.2d 690 (1975). Verdicts are presumed correct, and the ruling of a trial court on a motion for new trial carries a strong presumption of correctness. Shiloh Construction Co. v. Mercury Construction Corp., 392 So.2d 809 (Ala.1980); Williams v. Tyler, 340 So.2d 20 (Ala.1976). This presumption of correctness is strengthened by the trial court’s denial of a motion for new trial. Merrill v. Badgett, 385 So.2d 1316 (Ala.Civ.App.), cert. denied, 385 So.2d 1319 (Ala.1980). Only abuse of some legal right or plain and palpable error by the trial court will merit reversal of such a decision. Robertson Banking Co. v. Ebersole, 331 So.2d 278 (Ala.1976).
In Alabama Great Southern R. Co. v. Evans, 288 Ala. 25, 256 So.2d 861 (1972), the court noted:
The refusal of the trial judge to grant a new trial on the ground that the verdict is contrary to the weight of the evidence will not be reversed unless, after allowing all reasonable presumptions as to its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court reviewing the cause on appeal that it is wrong and unjust. (Cites omitted.) 256 So.2d at 864.
We find that the record fails to show that the verdict was so against the weight of the evidence as to be manifestly wrong and unjust.
We now turn to the issue concerning the denial of appellants’ requested jury instructions numbers six and seven. The record clearly shows that no objection was made to the denial of jury charge number seven by appellants’ attorney as required by Rule 51, A.R.C.P. Error is waived if no objection is made pursuant to Rule 51. See, Windsor v. General Motors Acceptance Corp., 295 Ala. 80, 323 So.2d 350 (1975).
Objection was properly made to requested jury instruction number six. That requested charge read as follows:
*374 Following the advice of skilled engineers regarding sewer systems is not justification for failure to exercise due care to maintain such a system. Where a city undertakes to maintain a sanitary sewer system, due care is required of the city to supply remedies which experience may have_ demonstrated were needed.
The trial court commented during the charge conference that requested charge number one had essentially the same sentence in it regarding following the advice of skilled engineers. That part of requested charge number one said:
[T]he fact that the advice of skilled engineers was followed is not a justification or excuse for the failure to exercise due care in the maintenance of a sanitary water system.
This requested instruction was given. Rule 51 A.R.C.P. clearly states:
The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in charges given at the request of the parties.
We find that requested charge number one and others given by the court covered the subject within requested charge number six.
Finding no prejudicial error in the record, we affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.