PER CURIAM.
Petitioners seek a writ of mandamus to require Circuit Judge Robert M. Harper to recuse himself and transfer the underlying case to the trial docket of Judge James Gullage. As grounds of their petition for recusal, Petitioners allege, inter alia, that they “recently became aware of the fact that the brother of Judge Harper is on the Board of Directors of the Defendant bank.”
In his order refusing to recuse himself, Judge Harper stated: “The Court wishes to point out that the undersigned has no financial interest in the Defendant Bank, nor does his brother’s association with said Bank as a Director involve the undersigned in any manner.”
Ala.Code 1975, § 12-1-12, provides in pertinent part:
“No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity or in which he has been of counsel or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record or put in writing if the court is not of record.”
Canon 3 C states:
*236 “C. Disqualification:
“(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
“(d) He or his spouse, or a person within the fourth degree of relationship to either of them, or the spouse of such a person:
“(i) Is named a party to the proceeding, or an officer, director, or trustee of a party;
“(ii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.”
Clearly, if Judge Harper’s brother is a director of Central Bank, Canon 3 C(l)(d)(i) mandates his recusal in this case. The Bank’s brief, under “Statement of the Facts,” contains the following factual aver-ments and conclusions:
“Mr. Hoke V. Harper is the brother of Circuit Judge Robert M. Harper. Contrary to the Petitioners’ averments, Mr. Harper is not a member of the Board of Directors of the defendant Bank.
“Central Bank of the South, an Alabama banking corporation, is the defendant in this action and the Respondent in this Court. The Bank has headquarters in Birmingham, Alabama, and does business in various cities in Alabama, including Auburn, where it operates a branch banking facility under the name Central Bank of the South, Auburn, Alabama. Central Bank of the South, Auburn, Alabama (hereinafter ‘the Auburn branch’) is not a separate corporation and thus does not have a corporate board of directors. Central Bank of the South is an Alabama corporation and thus, of course, does have a board of directors. Mr. Harper is not a member of that board.
“Mr. Harper is a member of a group of Auburn community leaders who work with the Auburn branch and its City President in an advisory capacity, principally in a public relations and business generation role. For example, the group helps the City President identify potential customers and helps acquaint potential customers with the personnel and services of the Auburn branch. This group, sometimes referred to as the ‘City Board of Directors,’ performs an important function for the Bank and the Auburn community, but it has none of the legal powers or responsibilities of a corporate board of directors....
“Mr. Harper, who resides in Auburn, is the owner of a building and supply business and a rental business [in which Judge Harper is involved to a minor degree, but] Mr. Harper is not an officer or employee of the Bank, nor does he occupy any position with the Bank other than membership on the local board for the Auburn branch.”
We are aware, of course, of the Committee Comments to A.R.A.P. 21, and the cited cases, to the effect that there is a presumption in favor of the correctness of the recitation of facts in the answer to a petition for writ of mandamus. Even if we accept all of the objective facts set out in the answer, however, we are not constrained to accept the legal conclusion that Mr. Harper’s status with the Bank is not that of a “director,” as contemplated by the use of that term in Canon 3 C(l)(d)(i). That he was thought of in the community as a “director of the Bank” is evidenced by the judge’s reference in his order to “his brother’s association with said Bank as a Director.”
Moreover, without deciding Mr. Harper’s true legal relationship with the Bank, we find that the Bank’s common, albeit unofficial, description of Mr. Harper as a “director” is sufficient of itself to give rise to an appearance of impropriety for Judge Harper to sit as judge in this case.
WRIT GRANTED.
MADDOX, JONES, SHORES, BEATTY and ADAMS, JJ., concur.