RUSSELL, Judge.
After an ore tenus proceeding in this workmen’s compensation case, Clayton J. Westmoreland (employee) was determined to be permanently and totally disabled as the result of an injury which occurred while in the employ of Jerry Collins (employer). The average weekly earnings were calculated by the trial court based on what it determined was an agreement between the parties at the time of hiring that the employee would work a five-day work week at $60.00 per day. The employer appeals. We affirm in part and reverse in part.
The dispositive issues are whether the trial court erred in computing the employee’s average weekly wage and whether the trial court erred in finding the employee permanently and totally disabled.
Our standard of review in a workmen’s compensation case is a two-step process. “Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991).
The record reveals that the employee woyked for the employer from June 1985 through mid-February 1986, that he quit that job, and that he then returned to work for the employer at the end of June 1986. His last term of employment with the employer was approximately four months. At the time of the hearing, the employee was twenty-eight years old and had completed the eighth grade in school. He was employed in the pulpwood business and had previously worked as a gas station attendant, a carpenter’s helper, and as a general laborer in a saw mill. He also built plaques and trophies. He was injured when, while working for the employer, he cut down a tree and a tree limb hit his left shoulder.
Subsequently, in an attempt to correct the employee’s shoulder problems, a neurosurgeon performed four separate surgeries on the employee’s left shoulder. The neurosurgeon gave a medical impairment rating of 40% to the upper extremity and 20 to 24% to the body as a whole.
A vocational expert testified that he had observed a tremor in the employee’s left arm and that the patient has a problem using his right arm, because it puts pressure and causes pain in the injured left arm. He also testified that the employee has a 60% permanent vocational disability rating and is functionally illiterate and that he doubted that anyone would hire the employee.
The employee testified that he has constant severe pain, that walking causes pain, that therapy caused pain and he was not able to do it, and that he is depressed because of his condition and has trouble being around people.
The employer’s bookkeeper, who is also the employer’s wife, testified that the employee was paid $60 per day for the days that he worked and that he was hired to work five days a week, but that that rarely happened because of rain, breakdowns, and illness.
The employer first contends that the trial court erred in computing the employee’s average weekly wage, in that, he claims, the trial court did not follow the dictates of § 25-5-57(b), Ala.Code 1975. We agree.
In its order, the trial court determined the weekly wage of the employee as follows:
“Carolyn Collins, wife of Defendant/Employer Jerry Collins testified the *255 [employee] was paid $60.00 per day for the days he worked. He was hired to work on a five day work week if they had the business. Defendant’s Exhibit No. Two reflected that, prior to the injury, the [employee] was paid an average weekly wage of $180.30. The [employee] worked for the Defendant/Employer intermittently during a four month period preceding the injury. The question then comes to the intent of the parties as to the wages of the [employee]. He was hired at the rate of $60.00 per day to work a five day work week. The facts of bad weather, problems with vehicles, and lack of work should not prevent the [employee’s] average weekly wage from staying at $300.00 per week. The undersigned finds the average weekly earnings of the [employee] to be $300.00.”
Section 25-5-57(b) states regarding the computation of compensation that:
“Compensation under this section shall be computed on the basis of the average weekly earnings. Average weekly earnings shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by 52, but if the injured employee lost more than seven consecutive calendar days during such period, although not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted.”
If the employment was for less than 52 weeks, the method of calculation is as follows:
“Whereas the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained.”
A third method is provided for computation if it is impracticable to compute the average weekly wage by the above methods.
“Where by reason of the shortness of the time during which the employee has been in the employment of his employer or the casual nature or terms of the employment it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district.”
It is mandatory that the first method be applied in determining the average weekly earnings of an injured employee where the employee has worked in the same employment for fifty-two weeks. Orkin Exterminating Co. v. Williams, 389 So.2d 935 (Ala.Civ.App.1980); Odell v. Myers, 52 Ala.App. 558, 295 So.2d 413 (Ala.Civ.App.1974). In the instant case the trial court determined that the employee worked for the employer for four months prior to the injury, rather than fifty-two weeks. Since there was approximately a four-and-one-half-month period of time during the preceding fifty-two weeks in which the employee was not employed by the employer, we find that this was not error on the part of the trial court; therefore, we find that the trial court did not err in not using the first method enumerated under § 25-5-57(b).
It has been held that the second method of dividing the employee’s earnings by the number of weeks and parts of weeks employed is not mandatory but that it allows the trial court to determine if its use will provide just and fair results. However, this is not an optional method and should be used unless the trial court determines a valid reason that its use will not produce fair and just results. Odell, 52 Ala.App. 558, 295 So.2d 413.
In the present case the employee was last employed by the employer for some four months. Not only does the record contain a wage statement which in *256 dicates the weekly earnings of the employee during that period, but the trial court stated that the wage statement reflects that “the [employee] was paid an average weekly wage of $180.30.” Therefore, we find that the finding of the trial court that the average weekly earnings of the employee were $300.00 is unsupported by the evidence, because that figure represents the maximum possible earnings rather than the average. Id. We further find that the earnings should be determined according to § 25-5-57(b).
The employer next contends that the trial court erred in finding the employee permanently and totally disabled, because, he claims, the employee has no injury to his dominant right arm and can be retrained for other employment.
In addition to the review standard of any legal evidence to support the trial court’s findings, this court has held that a permanent and total disability is the inability to perform one’s trade and the inability to find gainful employment. Mead Paper Co. v. Brizendine, 575 So.2d 571 (Ala.Civ.App.1990). We must determine whether any legal evidence supports the trial court’s finding and whether a reasonable view of that evidence supports its judgment that the employee is totally and permanently disabled. Eastwood Foods, 575 So.2d 91. In making this determination, we find that the testimony of the neurosurgeon, the vocational expert, and the employee provides evidence to support the finding of the trial court that the employee is permanently and totally disabled. In addition, we note that the trial court stated in its order that it had considered the testimony of the employee and “observed his appearance and demeanor.” The trial court may consider its own observations and use its own judgment when it interprets the evidence. Grumm v. Neptune Meter Co., 472 So.2d 1067 (Ala.Civ.App.1985).
The employer argues that the employee was also injured chopping wood at home and that the employer should not be found responsible for the entire disability. However, we find that the evidence supports the finding of the trial court and that a reasonable view of the evidence supports the trial court’s judgment.
The employer has challenged the calculation of the attorney’s fee, and in fact, the trial court has recalculated the fee awarded since this appeal. However, the employer contends that the attorney’s fee must be recalculated based on the redetermination of the average weekly wage. We agree and so find.
Based on the above, the judgment is due to be affirmed in part and reversed in part and the cause remanded with instructions to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.