THIGPEN, Judge.
This is a workmen’s compensation case.
Virginia Ruth Johnson was a staff nurse at Cullman Medical Center (CMC) when she was injured while attempting to turn a bedridden patient. She received workmen’s compensation total disability benefits for a specified period; however, the parties disputed the correct weekly wage payable to Johnson. Johnson later returned to work at CMC complaining of pain.
Johnson filed suit against CMC and the Alabama Hospital Association Trust Fund (AHATF) on January 22,1991, alleging permanent disability and seeking benefits. Johnson also claimed that CMC miscalculated her weekly wages in determining the temporary total disability payments which she received. AHATF’s motion to be dismissed as a party was granted in March 1991. The trial court entered judgment in January 1992, finding, inter alia, that CMC had correctly computed Johnson’s average weekly wage and that Johnson’s ability to earn had not been reduced by her injury, and it ordered Johnson to pay costs. Johnson appeals.
Johnson contends on appeal that the trial court erred in finding that she suffered no permanent disability, and in upholding CMC’s computation of her average weekly wage. She also argues that the trial court should have granted a new trial, based on newly-discovered evidence, and that the trial judge should have recused himself because his son was a member of CMC’s board of directors.
We note at the outset the two-step standard of review in workmen’s compensation cases. Initially, this court must determine if there is any legal evidence to support the trial court’s findings; if such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
Johnson’s first contention is that the trial court erred in finding that she did not sustain a permanent partial disability. An employee is entitled to permanent partial disability benefits only when the employee suffers a reduced earning capacity. Ala.Code 1975, § 25-5-57(a)(3)g.; Lankford v. International Paper Co., 454 So.2d 988 (Ala.Civ.App.1984). Johnson acknowledges that when an employee’s post-injury earnings equal or exceed that employee’s earnings at the time of injury, a presumption exists that the employee’s earning capacity has not been reduced. Lankford, supra. This presumption may be rebutted by independent evidence of the employee’s incapacity, or evidence that the post-injury earnings are an unreliable indicator of the employee’s earning capacity. Marley Erectors, Inc. v. Rice, 585 So.2d 1379 (Ala. Civ.App.1991). The record indicates that Johnson was earning $10.20 per hour when she was injured and that after her injury she began working for a Cullman nursing home for $12 per hour. Upon her return to work for CMC, she earned $15 per hour. That evidence creates the presumption that Johnson sustained no loss of earning capacity, and it is buttressed by Johnson’s physician’s testimony that Johnson could resume normal work duties, and that Johnson was *623 offered, and rejected, full-time employment by CMC following her return to work. The record evidence supports the trial court’s finding that Johnson did not suffer any loss of ability to earn.
Johnson next argues that CMC miscalculated her average weekly wage. She contends that CMC should have calculated her wages based upon her earnings following her promotion to staff nurse, and should not include her previous lower pay levels. She had been working for less than two months at the higher rate of pay when the injury occurred. Ala.Code 1975, § 25-5-57(b), states:
“Compensation under this section shall be computed on the basis of the average weekly earnings. Average weekly earnings shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by 52, but if the injured employee lost more than seven consecutive calendar days during such period, although not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted.”
The law is clear that when a workmen’s compensation claimant has worked in the same employment for 52 weeks preceding his injury, the trial court is required to use the statutory formula. Collins v. Westmoreland, 600 So.2d 253 (Ala.Civ.App. 1991); Orkin Exterminating Co. v. Williams, 389 So.2d 935 (Ala.Civ.App. 1980). The trial court correctly upheld CMC’s computation of Johnson’s average weekly wage.
Johnson next contends that the trial court erred in denying her motion for a new trial based on newly discovered evidence; namely, a letter from one of her treating physicians. The physician’s letter stated that he saw Johnson on December 30, 1991, after the trial, and that he believed that Johnson was incapable of performing her duties without risk of reinjur-ing herself. Johnson argues that this letter constitutes newly discovered evidence and should form the basis for a new trial.
Johnson’s pleadings and arguments do not specify whether she is requesting relief pursuant to Rule 59 or pursuant to Rule 60, A.R.Civ.P. We have carefully examined her arguments and conclude that under either rule, her arguments fail. See Post v. Duffy, 603 So.2d 1070 (Ala.Civ.App. 1992). Granting or denying a motion for new trial is a discretionary function of the trial court, and its judgment carries a presumption of correctness, which will not be disturbed on appeal “unless some legal right was abused and the record plainly and palpably shows that the trial court was in error.” Gold Kist, Inc. v. Tedder, 580 So.2d 1321, 1322 (Ala.1991). See also, Talley v. Kellogg Co., 546 So.2d 385 (Ala. 1989). Further, motions to set aside judgments on the basis of newly discovered evidence are not favored in law. “The rationale underlying the stringent granting of relief pursuant to Rule 60(b) is clear— eventually there must be an end to litigation.” Pace v. Jordan, 348 So.2d 1061, 1064 (Ala.Civ.App.1977).
The trial concluded in late November 1991, and Johnson obtained the letter in December 1991. Minimal diligence could have produced this evidence at trial. We find no error here.
Finally, Johnson contends that the trial judge should have recused himself from the case because his son was a member of CMC’s Board of Directors. Canon 3C(l)(d), Alabama Canons of Judicial Ethics, closely resembles Ala.Code 1975, § 12-1-12, which states in part:
“No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity....”
While we are aware that a judge should avoid even the appearance of impropriety, Ex parte Jackson, 508 So.2d 235 (Ala. 1987), we are not persuaded that the trial judge in this case was obligated to recuse himself. A presumption exists that a judge is unbiased, and a party alleging otherwise *624 has the burden of proving that allegation. McMurphy v. State, 455 So.2d 924 (Ala. Crim.App.1984). “A mere accusation of bias unsupported by substantial fact does not require disqualification of a judge.” Ross v. Luton, 456 So.2d 249, 254 (Ala. 1984). The record is unclear whether Johnson knew of the trial judge’s son’s position prior to trial; however, the record is clear that she failed to raise this issue at trial. She raised the issue for the first time in a post-judgment motion. The disqualification of a trial judge may be waived if the parties proceed to trial without objection. Ross, supra.
In responding to Johnson’s motion regarding recusal, the trial judge acknowledged that his son served on CMC’s board of directors, and he denied that this influenced any judicial determination. The evidence supports the trial court’s judgment. We have examined the record, including the trial transcript, with extreme care, and we are of the opinion that the trial court was correct in its conclusions, and that the trial court exhibited no bias.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.