CRAWLEY, Judge.
In this workmen’s compensation case, the employer appeals from the trial court’s finding that the employee had suffered a permanent total disability. We affirm.
Irene H. Calhoun (the “worker”) filed a complaint for workmen’s compensation benefits against ConAgra, Inc. (the “company”), as the result of an injury that occurred on March IS, 1991,[1] while she was bent over a conveyor line vaccinating chickens. While bent over, she felt a sharp burning sensation in her lower back, and she later was diagnosed with a herniated disc.
A trial was held on September 8,1992, and 17 days later the worker filed a motion for additional testimony on the issue of the extent of her loss of ability to earn. Attached to the motion was an affidavit of the worker’s treating physician stating that the worker could no longer continue working at her present job. In February 1993, the trial court denied the motion. The worker’s attempt to reverse this order by appeal and by a petition to this court for a writ of mandamus failed.
In December 1993, the trial court entered its judgment, finding that the worker had suffered a 60% vocational loss as a result of her accident. In January 1994, the worker filed a motion for relief from the judgment, pursuant to Rule 60(b)(6), A.R.Civ.P. The motion, in part, alleges (1) that the worker is 48 years old, mentally retarded, has a third-grade education, suffers from a severe congenital speech defect, and is unskilled; (2) that during the weeks preceding the trial, her bending, reaching, and twisting to vaccinate 2400 to 3000 chicks per hour caused severe pain; (3) that a week after the trial her family physician restricted her from continuing to work at her job because of what she described as unrelenting pain that the work caused; (4) that her application for Social Security benefits was approved on August 9, 1993, with an effective date of September 15, 1992; (5) that on October 29, 1993, the company granted the worker’s request for a disability pension, with an effective date of October 1, 1992; (6) that the judgment finding that she had suffered a 60% loss of ability to earn was based on her testimony that she was able to perform her duties and was working at the time of the trial; (7) that the worker had been unable to work for the 15 months beginning one week after trial and running until the court entered its final judgment; (8) that it would be inequitable if the judgment was enforced; and (9) that the motion was based on a reason other than those stated in Rule 60(b)(1) through (5). The affidavits attached to her motion supported these factual allegations.
Further, the affidavit of the worker’s family physician, Dr. Randy M. Pounders, dated September 23, 1992, states that he had viewed a videotape of the worker that shows the worker bending over, straightening up, and twisting her upper body while vaccinating chickens. He concluded that she could not work at her present job without suffering significant and unrelenting back pain, and he told the worker not to continue working at that job.
The company’s response was to say that the testimony of Dr. Pounders and the worker had been available at the time of trial and that the motion revealed no extraordinary or unusual circumstances entitling her to relief under Rule 60(b)(6).
*21 The trial court granted the worker’s Rule 60(b)(6) motion, and at a later hearing, it received additional testimony. At that hearing the worker testified that she went to see Dr. Pounders on September 14, 1992, pursuant to a regularly scheduled appointment. She said that at that time she had begun to experience pain and numbness in her right leg and hip, that she had numbness in the bottom of her foot, and that her back was hurting more. Dr. Pounders testified that upon examination of the worker on September 14, 1992, the pain and the physical findings were worse than what she had been complaining of in the past; that she continued to have significant back pain despite surgical intervention; that any activity that involves bending, rotating, or prolonged immobility would probably exacerbate her pain; that she should not engage in frequent lifting, pushing, pulling, prolonged standing or sitting, or riding for over 30 minutes; and that she cannot continue working. The worker’s vocational consultant testified that because the worker had no transferrable skills, had deficient intellectual functioning, was functionally illiterate, had a speech impediment, and experienced severe functioning limitations, she had a 100% vocational disability. The company offered no witnesses at this hearing.
The trial court entered a judgment stating that the Social Security Administration’s determination that the worker was disabled was not “per se admissible” but was admissible in this ease because the company had admitted that it had granted the worker a disability pension based on the Social Security Administration’s determination that the worker was disabled. The judgment states that the worker “has sustained a permanent and total disability with a resulting 100% loss of ability to earn.”
The issue is whether the trial court erred in granting the worker’s Rule 60(b)(6) motion.
“Clause 6 of Rule 60(b) is a residual clause intended to provide ample grounds for relief from final judgments which the trial court, in the exercise of its broad discretion, finds necessary.”
Haskew v. Bradford, 370 So.2d 259, 261 (Ala. 1979).
The extent of the worker’s disability, at the time of trial on September 8, 1992, based on the worker’s expectation of continuing to work, did not truly reflect her actual ability to continue to work under such excruciating pain. She was not aware of the actual extent of her disability until her family physician told her that she would not be able to continue to work while experiencing such a high intensity of pain.
Rule 60(b) is remedial in nature and must be liberally applied by the court. Cleveland v. Monroe, 474 So.2d 80 (Ala.1985).
“On review of a ruling of a trial court on a Rule 60(b)(6) motion, the appellate court will not disturb the decision of the trial court except where it is determined ‘that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.’ Nunn v. Stone, [356 So.2d 1212 (Ala.Civ.App.1978) ]. The decision of whether to grant or deny the motion is within the sound discretion of the trial judge, and our standard on review is whether the trial judge abused that discretion. Pierson v. Pierson, 347 So.2d 985 (Ala.1977).”
Textron, Inc. v. Whitfield, 380 So.2d 259, 260 (Ala.1979).
Although it is expected that parties will present their evidence at trial, Rule 60(b) allows the trial court, in its discretion, to reopen the ease and accept additional testimony. On appeal, the company does not contest the credibility of the worker’s additional testimony that she is permanently and totally disabled. Although the company contends that the trial court erred in admitting the Social Security Administration’s determination of disability, we note that in a nonjury trial an error in the admission of evidence does not authorize a reversal if the judgment is supported by other legal evidence. Alabama Board of Nursing v. Herrick, 454 So.2d 1041 (Ala.Civ.App.1984). Because of the exceptional circumstances of this case, we hold that the trial court had reasonable cause to grant the worker’s Rule 60(b)(6) motion and that granting it did not adversely *22 affect the rights of the company and was not unjust. Further, that action “does not constitute the clear abuse of discretion which mandates reversal by this court.” Pace v. Jordan, 348 So.2d 1061, 1064 (Ala.Civ.App.), cert denied, 348 So.2d 1065 (Ala.1977).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.