CRAWLEY, Judge,
dissenting.
I conclude that the trial court did not abuse its discretion by denying Johnson’s motion for a new trial; therefore, I must respectfully dissent.
*1265 The grant or denial of a motion for new trial is within the wide discretion of the trial court, and absent an abuse of that discretion, the trial court’s judgment will not be reversed. Johnson v. Cullman Medical Center, 615 So.2d 621 (Ala.Civ.App.1992). Johnson alleges three grounds for which she is entitled to a new trial: (1) newly discovered evidence; (2) fraud; and (3) the judgment fails to do justice.
Johnson first argues that the “newly discovered evidence” of Dr. Martin’s deposition entitles her to a new trial. “[Mjotions to set aside judgments on the basis of newly discovered evidence are not favored in law ‘— eventually there must be an end to litigation.’ ” Id. at 623 (quoting Pace v. Jordan, 348 So.2d 1061, 1064 (Ala.Civ.App.1977)). The movant must prove that she exercised due diligence and still was unable to discover the evidence. Hamrick v. Hamrick, 508 So.2d 282 (Ala.Civ.App.1987). In this case, if the same due diligence of ordering the transcript of Dr. Martin’s deposition after the trial had been done before the trial, then Dr. Martin’s deposition would have been available for Johnson’s case. This court has upheld a trial court’s grant of a Rule 60(b) motion in a workmen’s compensation case where the worker presented the testimony of her physician that she was permanently totally disabled. ConAgra, Inc. v. Calhoun, 666 So.2d 19 (Ala.Civ.App.1995). In that case, the worker anticipated returning to her job, but after the trial court approved the settlement, her physician advised her to not return to work. In this case, Johnson’s attorney merely failed to attend Dr. Martin’s deposition. In this absence of pre-trial due diligence, Johnson’s claim of newly discovered evidence fails. Ensley Holding Co. v. Kelley, 229 Ala. 650, 158 So. 896 (1934).
Johnson next argues that Aladan’s attorney committed fraud during the settlement negotiations. Johnson contends that Ala-dan’s attorney agreed to allow her attorney to attend Dr. Martin’s deposition by telephone, then failed to inform him of the correct time and assured her attorney that Dr. Martin gave the same testimony as another expert witness. Aladan’s attorney denies ever making such an agreement and denies discussing the substance of Dr. Martin’s testimony. The trial court merely resolved the conflicting evidence in favor of Aladan, and I find no abuse of discretion. See Shiver v. Waites, 408 So.2d 502 (Ala.1981).
Johnson last argues that her motion for new trial should have been granted because the judgment failed to do justice, i.e., that the settlement agreement was not fair to her. This argument is also based on the unavailability of Dr. Martin’s testimony to Johnson’s attorney. Based on the reasons stated above, I conclude that the trial court did not abuse its discretion by denying the motion for new trial.
THOMPSON, J., concurs.