531 So.2d 664 (1988)
REDI ROAST PRODUCTS, INC.
v.
Jackie Morris BURNHAM.
Civ. 6276.
Court of Civil Appeals of Alabama.
April 27, 1988.
As Corrected on Denial of Rehearing June 29, 1988.
*665 William Dudley Motlow, Jr., of Porterfield, Scholl, Bainbridge, Mims & Harper, Birmingham, for appellant.
Donald W. Lang, Sylacauga, for appellee.
BRADLEY, Presiding Judge.
This is a workmen's compensation case.
Jackie Morris Burnham (employee) was injured on the job on May 24, 1985. The employee instituted legal proceedings pursuant to the Workmen's Compensation Act, §§ 25-5-1 through -231, Code 1975, against Redi Roast Products, Inc. (employer). After an ore tenus proceeding the Circuit Court of Talladega County issued *666 its judgment, which concluded that the employee had suffered a one hundred percent loss of earning ability and awarded compensation commensurate with that finding. Posttrial motions were denied and employer appeals. We affirm.
The record reveals the following pertinent facts. On May 24, 1985 the employee suffered a back injury during the course of her employment. At the time of the injury the employee was a meat packager earning $186 weekly wages. Prior to trial the parties stipulated that the employee reported her injury to her supervisor's secretary but that she did not see a physician for several days. On May 29 the employee did see Dr. Bryant at the Craddock Clinic in Sylacauga. She was later referred by Dr. Bryant to Dr. Windham, a neurosurgeon, who first saw her on June 19, 1985. In August 1985 employee underwent a bilateral laminectomy. The employee continued to experience pain due to this injury. Dr. Windham testified that the surgery failed to alleviate employee's pain.
The employee continued to see various doctors, each of whom stated that there was nothing else medically that could be done for her. Dr. Windham gave employee an eight percent physical impairment rating for her injury and Dr. Kirschberg, a neurologist, assessed a five percent rating based on AMA guidelines. Several doctors suggested the employee consult a pain clinic.
In June 1986 the employee, still experiencing pain, went to see a Dr. Williams without obtaining approval of her employer. Dr. Williams testified that the employee was in pain, had tenderness and swelling of the back, and had limited body motion. He referred the employee to Dr. Harsh, a neurosurgeon at UAB Medical School, for an examination. This examination revealed that the employee suffered muscle spasms, had limited body motion, had trouble with straight leg raising, and had other problems associated with her back injury. Hospitalization was suggested, but the employee was unable to go into the hospital because she had failed to obtain approval from her employer.
Dr. Williams also testified that the employee continues to suffer pain and is one hundred percent permanently and totally disabled. He was asked to prepare a Physical Capacities Evaluation (PCE) form on the employee. This form was used by a vocational expert, Dr. Richard Hark, to help him reach a conclusion about the employee's employability rating. In determining employee's rating, Dr. Hark also tested her and examined other medical records.
Dr. Windham testified that the employee's condition had degenerated since the surgery. He further stated that a person with an eight percent medical impairment rating could be one hundred percent impaired vocationally. Each doctor and expert consulted by the employee concluded that she was suffering pain, and they had no reason to believe that she was a malingerer or that she was lying about the severe pain. A dispute did exist as to the exact medical cause of the pain as well as the physical or vocational impairment rating to attach to the employee's injury.
In its final judgment, the trial court concluded that there was an on-the-job injury which resulted in a permanent physical impairment; that there were medical expenses owing; that, based upon the proof and the court's observations of the employee, she is unable to find gainful employment; and that she has a one hundred percent loss of earning capacity. The court further found that the employee had not refused to undergo physical or vocational rehabilitation and that she may never be rehabilitated.
In addition to compensation benefits, the trial court awarded an attorney's fee of fifteen percent of employee's compensation benefits. These benefits were to be paid in an uncommuted lump sum. Medical expenses that had been authorized but not paid were ordered paid by the employer, as well as a lump-sum award of $6,226.20 for wrongfully reduced benefits.
On appeal the employer presents six issues for our review.
In workmen's compensation appeals our standard of review is limited to an examination of the record to determine if any *667 legal evidence exists to support the trial court's findings, and if such evidence is found we are required to affirm the judgment without weighing the evidence found therein. Transco Energy Co. v. Tyson, 497 So.2d 184 (Ala.Civ.App.1986). With this limited scope of review in mind, we now consider each of the employer's contentions.
Employer first says that the trial court's finding that employee has a one hundred percent employment disability is erroneous because it is based on large quantities of illegal evidence that was admitted during the trial. This contention is based on the admission into evidence of the testimony of Dr. Williams and Dr. Hark.
Employer contends that the testimony of Dr. James Williams was inadmissible because he was not an expert, i.e. an orthopedist; and that for this same reason the medical form (PCE) filled out by Dr. Williams was also inadmissible. Moreover, employer says that the testimony of Dr. Richard Hark, Ph.D., an employment specialist, which was based on the information in the PCE form, was inadmissible.
In American Tennis Courts, Inc. v. Hinton, 378 So.2d 235 (Ala.Civ.App.1979), we said:
"In a workmen's compensation case where there is legal evidence to support the findings of the trial court, this court will not consider questions regarding the trial court's rulings on objections to the admission of evidence, unless there is such a substantial quantity of illegal evidence as tends to indicate influence upon the court's conclusions."
Whether a witness has the qualifications to testify as an expert is within the discretion of the trial court. Ensor v. Wilson, 519 So.2d 1244 (Ala.1987). Dr. Williams testified that he had been in the general practice of medicine for twenty-one years and had treated all kinds of bone problems. Moreover, Dr. Williams's testimony was based on his examination of the employee. Consequently, we find no abuse of discretion by the trial court in permitting Dr. Williams to testify concerning his examination of the employee. Likewise, we consider the PCE form admissible because it contained information based on the observations and examination of employee by Dr. Williams. Further, Dr. Hark qualified as an expert witness and any questions relating to his testimony would concern its weight and credibility, both questions for the trier of fact. See, Clark Lumber Co. v. Thornton, 360 So.2d 1019 (Ala.Civ.App. 1978).
Disregarding our view of Dr. Williams's testimony, there is sufficient evidence in the record, both medical and nonmedical, to support the trial court's judgment. Therefore, the trial court's judgment was not tainted by large quantities of illegal evidence.
Medical testimony is not the only factor that a trial court may consider in determining a loss of earning ability. Orkin Exterminating Co. v. Williams, 389 So.2d 935 (Ala.Civ.App.1980). In the present case the court could have considered the testimony of the employee, her employment history, her vocational skills, and the deposition testimony of the employer's expert witnesses, all of whom testified as to the pain of the employee. This evidence, coupled with the medical testimony of Dr. Williams, provides sufficient evidence to support the trial court's findings. Orkin, supra.
The employer next says that the trial court contorted and strained the construction of the workmen's compensation act beyond the bounds of fairness by allowing an eight percent physical impairment rating to translate into a one hundred percent employment disability rating. This court has previously stated that a finding of a physical disability is not the controlling factor in determining employability ratings or disability ratings for the purpose of compensation. Littleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App.1985). The trial court had before it testimony from various sources regarding the employee's ability to earn. We do not find that the court stretched or strained the evidence to reach an unjust finding.
The employer also says that the trial court erred in awarding compensation *668 to the employee since she refused to undergo physical or vocational rehabilitation as required by section 25-5-57(a)(4)(d), Code 1975. The record reveals, however, that the employee complied with all the suggestions of the authorized doctors and experts with the exception of consulting a pain clinic. The employee testified that she would go to the pain clinic if she could be given an indication that it would work. The record does not reveal any refusal to rehabilitate; only a reluctance. The question whether an employee can be rehabilitated is a question of fact, and the weight of the evidence before the court is not within this court's purview. Den-Tal-Eze Manufacturing Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App.1980). The trial court's finding that employee had not refused to undergo rehabilitation is supported by the evidence. No error here.
Employer next argues that the trial court did not make findings of fact and conclusions of law encompassing each and every issue presented and litigated by the trial court. We disagree.
It appears from the trial court's judgment that the essential findings of fact and conclusions of law were made, but even if the findings were deemed meager or omissive, the record evidence supports the judgment. See, Thompson & Co. Contractors v. Cole, 391 So.2d 1042 (Ala.Civ.App.1980). No error here.
The employer further contends that the trial court committed error in (1) failing to grant the employer's motion for a hearing regarding an attorney's fee, and (2) awarding a lump-sum attorney's fee without commuting it to present day value.
As to the employer's request for a hearing on the issue of an attorney's fee, we are unable to find in the record the motion for a hearing on this question; thus, we cannot consider that issue as it has not been properly preserved for judicial review. Stephens v. Central of Georgia Railroad, 367 So.2d 192 (Ala.1978). Additionally, the employer asserts that it has standing to and does question the award of an attorney's fee in a lump sum without commutation to present day value. We have said that an employer has no standing to question the award of an attorney's fee in a workmen's compensation case, since the employee is the party paying the fee. Hardin's Bakery, Inc. v. Higgins, 480 So.2d 1252 (Ala.Civ.App.1985). We also have said that the manner of an award of an attorney's fee is within the sound discretion of the trial court. Hardin's Bakery, Inc., supra. We find no error in this aspect of the trial court's judgment.
Employer's last contention is that the trial court erred in ordering payment of medical expenses owing, in that some of these were unauthorized by the employer. We are unable to find a requirement in the judgment that the employer pay unauthorized medical expenses. The future payment of allegedly unauthorized medical expenses can be considered by the trial court at that time.
Having found no reversible error, we affirm the judgment of the trial court.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.

On Application for Rehearing
BRADLEY, Judge.
OPINION CORRECTED; APPLICATION OVERRULED.
HOLMES and INGRAM, JJ., concur.