David Latham sued Asplundh Tree Expert Company, Inc., to recover workmen's compensation benefits for an injury to his right shoulder that occurred on January 4, 1991.[1] After an ore tenus proceeding, the trial court found Latham to be permanently and totally disabled, and it awarded benefits accordingly. Asplundh appeals, contending (1) that the evidence does not support a finding of permanent and total disability and (2) that the trial court erred in finding Latham to be permanently and totally disabled although, Asplundh alleges, Latham refused vocational rehabilitation.
We note that the test for total disability is the inability to perform one's trade and to obtain other reasonably gainful employment. The employee is not required to be completely helpless or to suffer total physical disability. Trans Mart,Inc. v. Brewer, 630 So.2d 469 (Ala.Civ.App. 1993). It is the trial court's duty to make some determination as to the extent of disability. Southern Lifestyle Homes v. O'Rear,628 So.2d 645 (Ala.Civ.App. 1993).
The standard of appellate review in workmen's compensation cases is a two-step process. This court must first determine if there is any legal evidence to support the trial court's findings. If it finds such evidence, it must then determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991).
Latham testified that he has had four surgeries to repair his damaged shoulder, but that he continues to experience pain and numbness in his shoulder, chest, and arm. He stated that he continues daily to do therapeutic exercises prescribed by his physician and therapist, but he says "the pain is always there."
Latham further testified that he forces himself to do things in spite of the pain. One of Latham's treating physicians referred him to a psychiatrist to "help him deal with the chronic pain that he was having and other emotional problems that always come into play in a patient that has chronic pain." The psychiatrist diagnosed Latham as having "major depression" that was "proximately caused by the injury" and as having an "anxiety disorder" that was "exacerbated by his injury." He prescribed antidepressant and anxiety medications. However, Latham stated that he had stopped taking his medications because of what he called unwanted side effects that he said affected his relations with his family. He said that although he wanted and needed the medications, he would rather deal with the pain than lose his family.
Dr. Steven Ikard, the orthopedic surgeon who first operated on Latham, stated in deposition that he gave Latham a medical impairment rating of 30% to the upper extremity and 18% to the body as a whole. Dr. William Garth, an orthopedic surgeon who performed additional operations on Latham, stated in deposition that he gave Latham a medical impairment rating of 20% to the upper extremity and 12% to the body as a whole. Dr. Garth also stated that Latham "may very well end up being [100%] disabled from being a heavy tree surgeon." Both doctors suggested that Latham could return to light work if he was restricted from lifting heavy objects and doing overhead work.
Dr. Patrick Atkins, the psychiatrist who treated Latham, stated in deposition that he had encouraged Latham to undergo a vocational rehabilitation and skills assessment to determine what kind of work he could perform, but that Latham, who had an *Page 841 
eighth-grade education, was opposed to the idea, partly because of his depression and also partly because of his perception that he could not be retrained or reeducated. We note that "Medical testimony is not the only factor that a trial court may consider in determining a loss of earning ability."Redi Roast Products, Inc. v. Burnham, 531 So.2d 664, 667
(Ala.Civ.App. 1988).
Vocational experts gave conflicting testimony. Dr. Robert Griffin testified that, based solely on the testimony of Latham's three treating physicians and the limitations that they imposed on him, he gave Latham a vocational disability rating of 35%. However, he went on to state that if Latham's complaints of pain were true, he would have a 100% disability rating. He also stated that Latham presently could not perform any of the jobs he had done in the past. Ms. Susan Robbins gave Latham a 48.5% vocational disability rating; she did not consider Latham's own statements of pain.
This court has stated, "An injured employee's own subjective complaints of pain are legal evidence which may support a finding of disability." Jim Walter Resources, Inc. v. Budnick,619 So.2d 926, 927 (Ala.Civ.App. 1993). Further, "The trial court is afforded much discretion in determining an employee's loss of earning capacity and may consider such factors as the age, education, and work history, as well as the effect of the injury on the employee's earning ability." M H Valve Co. v.Carmichael, 607 So.2d 224, 226 (Ala.Civ.App. 1991).
The trial court's order states:
 "[Latham] suffers from chronic pain syndrome. [He] suffers headaches and pain, tingling and numbness in his right shoulder. These problems prevent him from concentrating for very long. [He] cannot lift his arm more than ninety degrees and must prop it up so it does not hang down, which results in pain. [Latham] is a ninth-grade drop-out who has spent his entire working life doing manual labor jobs such as truck driving and carpentry. He is unable to perform the work of his trade or to obtain reasonably gainful employment due to pain, discomfort, and physical limitations that he suffered as a result of the accident on January 4, 1991. He also suffers from depression and anxiety."
The trial court found that Latham is "one hundred percent functionally disabled and one hundred percent disabled from any vocational employment and is not capable of being vocationally rehabilitated." It also found that "Latham's disability results in a one hundred percent reduction or loss of earning capacity as defined by § 25-5-57(4), [Ala. Code 1975]." A reasonable view of the evidence supports the trial court's finding of permanent and total disability.
Asplundh also contends that the trial court erred in finding Latham totally disabled even though, Asplundh alleges, he refused to undergo rehabilitation. Section 25-5-57(a)(4)(d), Ala. Code 1975, states, in pertinent part: "Any employee whose disability results from an injury or impairment and who shall have refused to undergo physical or vocational rehabilitation or to accept reasonable accommodation shall not be deemed permanently and totally disabled." Dr. Atkins testified that he recommended that Latham undergo a vocational rehabilitation assessment and that Latham resisted and devalued his recommendation. But, Dr. Atkins also stated that although Latham refused a vocational assessment at that time, he was capable of changing his mind and reconsidering rehabilitation. Latham testified that he did not refuse vocational training, but that he told Dr. Atkins that he did not think he was ready. Here, as in Redi Roast Products, supra, at 668, "The record does not reveal any refusal to rehabilitate; only a reluctance. The question whether an employee can be rehabilitated is a question of fact, and the weight of the evidence before the court is not within this court's purview." We conclude that the evidence supports the finding of the trial court and that a reasonable view of the evidence supports the trial court's judgment.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE and CRAWLEY, JJ., concur.
[1] We note that because of the date of the injury, the Workmen's Compensation Act, as it read before the amendments of May 19, 1992, is controlling. *Page 842