On September 22, 1995, Marvin D. Huckaba filed a complaint in the Lawrence County Circuit Court against his former employer, Thaniel Burden d/b/a Thaniel Burden Logging seeking workers' compensation benefits. Huckaba alleged that he had injured his leg in an accident arising out of and in the scope of his employment, on September 22, 1993. Burden filed an answer on October 13, 1995, denying each allegation in Huckaba's complaint. On July 31, 1996, Huckaba filed a supplemental complaint, requesting that the trial court find him permanently and totally disabled, or, in the alternative, to order Burden to provide vocational rehabilitation to restore Huckaba to gainful employment.
Following an ore tenus proceeding on August 28, 1996, the trial court entered a judgment on September 5, 1996, stating, in pertinent part:
 "It is the finding and judgment of this Court that by reason of [Huckaba]'s injuries *Page 201 
sustained in the line and scope of [his] employment on or about September 22, 1993, that he has totally and completely lost his ability to earn a living and as a result, is totally and permanently disabled. [Huckaba] has a marginal education at best. [Huckaba]'s work history evidences heavy manual labor at essentially unskilled jobs. Patsy Bramlett, a certified rehabilitation counselor and vocational educational expert testified that [Huckaba] is incapable of sustaining gainful work activity and as such is totally disabled for employment. By reason of the medical and vocational testimony, it is the judgment of the Court that [Huckaba] is incapable of sustaining gainful work activity and as such, is not only totally incapable of being gainfully employed and earning a living for his family, but from pain, discomfort and physical limitation, is incapable of any gainful employment even if he could be retrained.
 "It is the conclusion and judgment of this Court that, considering [Huckaba]'s permanent functional impairment to his body as a whole, his limited educational background, his prior work experience and other vocational factors, that [Huckaba] suffers from a 100% total reduction in his earning capacity as defined by Section 25-5-57(4) Code of Alabama, 1975, as amended. The Court therefore finds, that [Huckaba] is entitled to recover of [Burden] an amount equal to 66-2/3% of his average weekly wages of $336.33 from September 23, 1993, and that said compensation benefits shall be paid during the period of his total disability at the computed rate of $224.23 per week."
Burden filed a motion for a new trial on September 27, 1996, alleging that the trial court's judgment failed to address vocational retraining and that the trial court's calculations for accrued weekly benefits, future weekly benefits, and attorney fees were in error. The parties filed a joint stipulation to extend the time for the trial court to rule on the motion for a new trial. The trial court entered an amended judgment on January 8, 1997, that stated, in pertinent part:
 "1. The Court finds that [Huckaba] was paid temporary total benefits for eighty-three weeks at the rate of $224.23 per week for a total amount paid of $18,161.82.
 "2. The Court further finds that [Huckaba] was paid by [Burden] an additional seventy weeks at the rate of $220.00 per week up through the date of the Court's Judgment of September [5], 1996, and that [Burden] owes as accrued benefits, up through September 4, 1996, $4.23 per week for seventy weeks, for a total of $296.10, together with interest of $5.96, for a total accrued benefits due [Huckaba] up through the date of this Judgment of $302.06.
 "3. The Court finds that although [Huckaba] reached maximum medical improvement on March 28, 1995, he was unable to work and therefore still entitled to temporary total disability benefits, which he received but for the $4.23 per week as stated hereinabove.
 "4. The Court finds [Huckaba]'s attorney is entitled to a fee of 15% of the accrued benefits for a total of $45.31.
 "5. The Court further finds that [Huckaba] is thirty-eight years of age and according to the Commissioner's 1980 Standard Ordinary Mortality Table, his life expectancy is 35.87 years or 1,865.24 weeks. [Huckaba]'s rate of compensation is $224.23 per week and using the standard annual discount rate of 6%, the court finds that the present value of payments due [Huckaba] is 767.6650 x $224.23, or $172,133.52. The amount of $25,820.03 is awarded to the attorney for [Huckaba] as his fee of future benefits due [Huckaba]. Payment of said fee reduces the amount of weekly benefits the employee is thus entitled to during the period of his life expectancy of 1,865.24 weeks to $210.39 per week. On the occasion [Huckaba] has outlived his life expectancy of 1,865.24 weeks, then on said occasion, said weekly benefits shall again be in an amount of $224.23.
 "It is THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that [Huckaba] shall have and recover of [Burden] the sum of $302.06, representing accrued workers' compensation benefits, less payment to his attorney of $45.31. *Page 202 
Hereafter, as stated above, [Huckaba] shall recover during the period of his total disability the sum of $210.39 per week throughout his remaining life expectancy of 1865.24 weeks and thereafter, if said total disability remains, [Huckaba] shall have and recover the sum of $224.23 per week as compensation.
 "It is FURTHER ORDERED that [Burden] is liable for medical expenses incurred by [Huckaba] as a result of his injury and remains liable for any future medical expenses incurred for the treatment of the same.
 "It is FURTHER ORDERED that [Burden] shall pay [Huckaba]'s attorney the attorneys fee in the amount of $25,820.03 for future benefits and $45.31 as attorneys fee for accrued benefits, therefore entitling [Huckaba]'s attorney to a fee in this case totalling $25,865.34.
 "All other matters contained in this Court's Judgment of September [5], 1996, not amended herein remain as stated. The Court specifically denies the other relief sought by [Burden] in the Rule 59 motion."
Burden appeals, raising three issues: (1) whether there was substantial evidence to support the trial court's finding that Huckaba is permanently and totally disabled; (2) whether the trial court erred in finding Huckaba to be totally disabled without allowing Burden the opportunity to secure vocational retraining for Huckaba; and (3) whether the trial court improperly calculated Huckaba's future weekly benefits.
Huckaba's injury occurred on September 22, 1993; therefore, the new Workers' Compensation Act is controlling. The standard of review of a workers' compensation case under the new Act was stated by our Supreme Court in Ex Parte Trinity Industries,Inc., 680 So.2d 262 (Ala. 1996).
 "[We] will not reverse the trial court's finding of fact if that finding is supported by substantial evidence — if that finding is supported by 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
680 So.2d at 268 (quoting West v. Founders Life Assurance Co.,547 So.2d 870, 871 (Ala. 1989)).
At trial, the parties stipulated to the date of the injury, that the injury occurred while Huckaba was acting in the line and scope of his employment with Burden, that Huckaba's average weekly wage at the time of injury was $336.33, and that Burden had paid Huckaba $18,161.82 in temporary total and permanent partial disability benefits. Additionally, Burden's attorney informed the trial court that the only issue to be resolved was the extent of Huckaba's disability.
The trial court's judgment stated the following pertinent facts upon which the court based its judgment:
 " The Court finds that [Huckaba] suffered a severe injury to his left leg, consisting of a broken distal femur which extended inside his knee and a compound fracture of the proximal tibia. [Huckaba] has undergone 5 surgeries in an attempt to repair the damage to this left leg. [Huckaba] was treated by Drs. C.J. and J.C. Martin, orthopaedic surgeons with the North Alabama Bone and Joint Clinic. The Drs. Martin have indicated that [Huckaba] will not be able to return to his work as a lumberman due to reduced range of motion in his knee, need for leg brace, cane or both for mobility, antalgic limp in shortened leg and pain.
 "[Huckaba]'s work history consists of mostly heavy exertional level employment which required little or no skill. The physical restrictions placed on [Huckaba] by the Drs. Martin would require [Huckaba] to obtain a job which allowed him to elevate his leg throughout the course of a workday and rest frequently. These restrictions severely restrict the employment positions available to [Huckaba].
 "[Huckaba] underwent intelligence testing in September, 1995 and was found to have 6th grade spelling and mathematics skills and 'high school' reading skills. Although [Huckaba] achieved a high school diploma in 1976, he had no further training and does not appear to function at the level of a high school graduate. *Page 203 
 "These restrictions, [Huckaba]'s work history, and his level of intellectual functioning were considered by Patsy Bramlett in her vocational assessment of Mr. Huckaba. The Court found Ms. Bramlett, a Certified Rehabilitation Counselor and Licensed Professional Counselor, to be a most credible witness, who assessed [Huckaba]'s vocational disability at 100%."
The trial court's judgment accurately sets forth the facts of this case appearing in the record before this court.
Burden first challenges the trial court's finding that Huckaba is permanently and totally disabled.
 "The test for permanent total disability is the inability to perform one's trade and the inability to find gainful employment. Total disability does not mean entire physical disability or absolute helplessness. It is the duty of the trial court to make some determination as to the extent of disability. The trial court is not bound by expert testimony. In making the determination, the court must consider all the evidence, including its own observations, and interpret it to its own best judgment."
Hinkle v. Alabama Ins. Guar. Ass'n., 667 So.2d 92, 94
(Ala.Civ.App. 1994) (citations omitted).
The testimony taken at trial overwhelmingly supports the trial court's finding of a permanent and total disability. Both parties offered testimony from their own vocational experts. Burden's vocational expert, John M. Long, Jr., evaluated Huckaba for less than an hour and administered only one test to Huckaba, a test to determine his reading ability. Not only was there no report filed by Long in support of his findings, but he was also unable to testify regarding Huckaba's physical and intellectual abilities. Long did state that he would impose a 65 to 70% disability rating based upon Huckaba's injury and that he believed Huckaba was able to return to sedentary work; he further stated that only 10% of the job market consisted of sedentary type jobs. On the other hand, Huckaba's expert, Patsy Bramlett, testified that she had evaluated Huckaba for approximately three hours, conducting numerous tests, and assessed Huckaba with a 100% vocational disability.
In reviewing the record with the attendant presumptions, we find that the record contains substantial evidence to support the trial court's conclusion that Huckaba is permanently and totally disabled.
Burden next argues that the trial court erred in determining that Huckaba is totally and permanently disabled without affording Burden the opportunity to provide vocational retraining to Huckaba. "The question whether an employee can be rehabilitated is a question of fact, and the weight of the evidence before the court is not within this court's purview."Asplundh Tree Expert Co. v. Latham, 656 So.2d 839, 841
(Ala.Civ.App. 1995) (quoting Redi Roast Prods., Inc. v. Burnham,531 So.2d 664, 668 (Ala.Civ.App. 1988)). See also SouthernLifestyle Homes v. O'Rear, 628 So.2d 645 (Ala.Civ.App. 1993);Den-Tal-Eze Mfg. Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App. 1980). The testimony offered at trial revealed that Huckaba suffers from constant pain and discomfort, and that his physical limitations make rehabilitation and vocational retraining useless alternatives. The record clearly shows that it would be unlikely for Huckaba to ever become gainfully employed and earn a living for his family. Therefore, upon a careful review of the record, we conclude that there was substantial evidence to support the trial court's determination that Huckaba is not a candidate for retraining.
The final contention by Burden is that the trial court erred in calculating Huckaba's future weekly benefits of $210.39 following the lump-sum award of attorney fees. Our supreme court, in Ex parte St. Regis Corp., 535 So.2d 160 (Ala. 1988), held that when awarding a lump-sum attorney fee for future benefits, the trial court must calculate the present value of the future compensation, must reduce that amount by the amount of the lump-sum attorney fee, and must calculate the amount of weekly benefits that an employee is entitled to during the period of his or her life expectancy. The trial court correctly computed the award of the lump-sum attorney fee due at the time of trial in accordance with Ex parte St. Regis; however, *Page 204 
the trial court miscalculated the amount of Huckaba's future weekly benefits after deducting the lump-sum attorney fee awarded from the present value of the future benefits.
At the time the calculation was made, the 6 percent discount rate for present value was correctly determined to be 767.6650 for a life expectancy of 1,865.24 weeks from the annuity and mortality tables provided in Ala. Acts 1996, p. 1753. See Ala. Code 1975, § 35-16-1 et seq. The correct calculation for this amount would be the worker's weekly benefit, $224.23, times the discount factor, 767.6650 in this case, for a total benefit of $172,133.52. Subtracting the 15% lump-sum attorney's fee of $25,820.03 leaves $146,313.49. The worker's weekly compensation payment is then determined by dividing this balance by the discount factor, i.e., $146,-313.49 ÷ 767.6650 = $190.60. Accordingly, we must reverse this aspect of the trial court's judgment and remand the cause for the trial court to recalculate the future weekly benefits.[1]
That portion of the trial court's judgment finding Huckaba to be permanently and totally disabled is affirmed. However, we reverse that portion of the judgment calculating the future weekly benefits following the award of the lump-sum attorney fee, and we remand this cause for the trial court to recalculate Huckaba's future weekly benefits.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] "The time periods utilized in this opinion were used as if the attorney fee was paid on the date the trial court entered its final judgment. Of course, the periods have changed during the pendency of this appeal. On remand, it is incumbent upon the trial court, with the aid of counsel, to determine the appropriate time period for calculating the present value, i.e., [1,865.24] weeks less the number of weeks this case was on appeal. For the number of weeks this case was on appeal, the lawyer is entitled to a full 15 percent of the weekly benefits that were or should have been paid, without any reduction, because these payments have already accrued and are not due in the 'future.' " Ex parte St. Regis Corp., 535 So.2d 160, 163
n. 3 (Ala. 1988).