MONROE, Judge.
In 1996, Larry P. Eller filed a workers’ compensation claim against his employer, Crimson Industries, Inc. Eller alleged that he had suffered a cardiac arrest that arose out of and in the course of his employment and that it had rendered him permanently and totally disabled. After trial, the circuit court found that Eller’s injury was compensable under the Workers’ Compensation Act and that Eller was totally and permanently disabled. Crimson appeals.
Our review is governed by the new Workers’ Compensation Act, which provides: “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” § 25 — 5—81(e)(1), Ala.Code 1975. Furthermore, the new act provides that “[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2), Ala. Code 1975. Additionally, this court will not reverse the trial court’s finding of fact if that finding is supported by “substantial evidence,” that is, if that finding is supported by “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
Crimson is a mobile home manufacturer. In 1993, Eller began working at Crimson, where his primary job was building cabinets. Eller contends that shortly before his cardiac arrest, his job duties had increased and had become physically harder. He explained that in addition to building cabinets he was required to saw the wood he needed to build the cabinets, and that he had to transport the finished cabinets to the mobile homes by lifting the cabinets and placing them on carts.
On January 25, 1996, Eller stated, he felt a pain in his chest after he had loaded a large cabinet onto a cart; he said the pain grew worse when he loaded a second cabinet. Eller continued to work until he was suffering severe pain in his shoulder, neck, jaw, and chest. He was taken to a *1025 hospital, where he suffered a cardiac arrest. Doctors diagnosed Eller as having no observable heart disease, abnormal coronary arteries, or abnormal heart rhythm. However, the doctors determined that he had suffered electrical problems in his heart, and they implanted a defibrillator.
Crimson’s initial argument is that the trial court erred in failing to include in its order findings of fact and conclusions of law sufficient for this court’s review.
Pursuant to § 25-5-88, Ala.Code 1975, a final judgment in a workers’ compensation case must contain a statement of the law, the facts, and the conclusions of the trial court. Substantial compliance with § 25-5-88 is sufficient. American Auto. Ins. Co. of Missouri v. Hinote, 498 So.2d 848, 851 (Ala.Civ.App.1986); Littleton v. Gold Kist, Inc., 480 So.2d 1236, 1238 (Ala.Civ.App.1985).
In its judgment, the trial court summarized the facts of the case and stated that Eller “sustained a ventricular fibrillation, a heart condition, as a result of cardiovascular stress arising out of and in the course of his said employment with defendant, such injury being to [Eller’s] whole body.” Further, the court stated that Eller “was totally and permanently disabled as the result of the heart condition above-described, arising out of and in the course of his said employment with [Crimson].” We find that the trial court sufficiently complied with § 25-5-88.
Crimson contends that the trial court erred in finding the legal and medical causation required for a nonaccidental injury.
In nonaccidental-injury cases, the employee must satisfy a two-pronged test, by proving (1) that the performance of the duties of his or her employment exposed the employee to a danger or risk materially in excess of that to which people not so employed are ordinarily exposed in their everyday lives; and (2) that the particular exposure to the risk proven in the first part of the test was a contributing cause of the injury at issue. The first prong of the two-pronged test is legal causation; the second is medical causation. City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (Ala.Civ.App.1975); Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996).
The record contains substantial evidence to support a finding of legal and medical causation. There was testimony that Eller’s job was a stressful, physical job and that the stress caused Eller by that job exceeded the stress the ordinary person would be exposed to. Dr. Bates, an internist, testified that stress had a causal relationship to Eller’s heart condition and that it was his opinion that work and stress contributed to Eller’s condition. Dr. Epstein, the cardiologist who implanted Eller’s defibrillator testified that in his opinion Eller’s condition was not caused by his work. When asked if stress contributed to Eller’s condition, Dr. Epstein testified that the possibility was small and that there was no way of giving a yes or no answer. There was also testimony that Eller’s work duties had increased. Further, the testimony shows that Eller had been away from work for over a week and that upon his return, on the day of his cardiac arrest, he was confronted with an unusually heavy workload. Thus, we conclude that there was sufficient evidence to establish legal and medical causation.
Crimson further claims that the trial court erred in accepting the testimony of Dr. Bates as expert testimony on the issue of the cause of Eller’s heart condition. Basically, Crimson argues that because Dr. Bates is an internist and not a cardiologist he was not qualified to testify as an expert on this issue and that his testimony was a mere guess or speculation.
“Whether a witness has the qualifications to testify as an expert is within the discretion of the trial court.” Redi Roast Products, Inc. v. Burnham, 531 So.2d 664, 667 (Ala.Civ.App.1988), citing Ensor v. *1026 Wilson, 519 So.2d 1244, 1269 (Ala.1987). Dr. Bates testified that he is an internist and that he had been practicing for 13 years. He explained that he primarily takes care of patients with problems with internal organs such as the lungs, the kidneys, and the heart. He stated that 30% to 40% of his practice deals with heart conditions. Also, Dr. Bates’s testimony was based upon his examination of Eller.
We conclude that there was evidence presented to establish Dr. Bates’s qualifications as an expert and that the trial court did not abuse its discretion in permitting Dr. Bates to testify as to his opinion of the cause of Eller’s heart condition. Furthermore, the trial court may consider Dr. Bates’s qualifications or lack of qualifications in assessing the weight and credibility of his testimony. Redi Roast Products, Inc., 531 So.2d at 667.
Crimson further contends that the court erred in finding that Eller suffered a permanent and total disability.
Pursuant to § 25 — 5—57(a)(4)d., Ala.Code 1975, a “permanent disability” is “any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment.” Total disability does not mean entire physical disability or absolute helplessness. Hinkle v. Alabama Ins. Guar. Ass’n, 667 So.2d 92, 94 (Ala.Civ.App.1994), citing Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). It is the trial court’s duty to determine the extent or percentage of disability, based on all the evidence before it, including its own observations. Genpak Corp., 534 So.2d 312. When there is conflicting evidence regarding the employee’s disability, the trial court’s findings are conclusive if there is substantial evidence to support those findings. Winn-Dixie, Inc. of Montgomery v. Ates, 628 So.2d 791 (Ala.Civ.App.1993).
Both Dr. Epstein and Dr. Bates testified that Eller cannot do work that involves repetitive motion. Dr. Epstein stated that Eller would be able to do work that did not involve heavy lifting, repetitive motion, or interaction with large machinery or magnetic fields. Eller was 57 years old at the time of trial and has an 11th grade education. There was evidence that Eller has done manual labor practically his whole life, and all the experts testified that Eller can no longer do manual labor. He has no office or light-duty skills.
The evidence included a letter from Dr. Epstein that states, “Eller cannot work in any situation in which he could hurt himself or others were he to lose consciousness.” The letter also states, “Eller would very much like to work, but from a medical point of view is unable to do so. I support his request for disability.” Moreover, the evidence indicated that Eller had been awarded permanent and total disability benefits by the Social Security Administration.
As the dissent suggests, there was evidence that Eller has remained active at home. He testified that he helps his wife with housework, goes for walks, does a little gardening, and occasionally mows the lawn. He also stated that he works in a woodworking shop for short periods of time and that he has built a knitting machine and has learned to knit. It appears that the dissent’s biggest problem lies with Eller’s desire to stay active instead of just sitting at home and drawing his Social Security disability benefits.
In reviewing workers’ compensation cases, we are ever mindful that the Workers’ Compensation Act is to be liberally construed to accomplish its beneficent purposes and that doubts must be resolved in favor of the employee. Yates v. United States Fidelity & Guar. Ins. Co., 670 So.2d 908 (Ala.1995). To reverse the trial court’s judgment would require us to reweigh the evidence presented; our standard of review does not allow us to do that. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012 (Ala.Civ.App.1995). Because there *1027 was substantial evidence to support the trial court’s finding of permanent, total disability, we must affirm that finding.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., concur in part and dissent in part.