Stacy Jobson Reynolds sued her employer, Wal-Mart Stores, Inc., on July 20, 1999, seeking to recover workers' compensation benefits for an injury she had sustained to her neck during the course of her employment with Wal-Mart. Following an ore tenus proceeding, the trial court entered an order on July 25, 2000, finding that Reynolds had suffered an 80% physical *Page 1194 
impairment as the result of her injury and awarded benefits accordingly. Wal-Mart appeals.
This case is governed by the 1992 Workers' Compensation Act. This Act provides that an appellate court's review of the standard of proof and its consideration of other legal issues shall be without a presumption of correctness. § 25-5-81(e)(1), Ala. Code 1975. It further provides that when an appellate court reviews a trial court's findings of fact, those findings will not be reversed if they are supported by substantial evidence. § 25-5-81(e)(2). Our supreme court "has defined the term `substantial evidence,' as it is used in § 12-21-12(d), to mean `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus., Inc., 680 So.2d 262,268 (Ala. 1996), quoting West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). This court has also concluded: "The new Act did not alter the rule that this court does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc., 655 So.2d 1012,1014 (Ala.Civ.App. 1995).
The trial court made the following findings of fact and conclusions of law:
 "1. The Plaintiff, as employee, and the Defendant, as employer, were subject to the Workers' Compensation Statutes of the State of Alabama on January 17, 1998, the date on which the Plaintiff allegedly received an injury arising out of and in the course of her employment.
 "2. This Court has personal and subject matter jurisdiction.
 "3. The Plaintiff suffered an on-the-job injury to her neck, which was caused by an accident on January 17, 1998. At the time the Defendant employed the Plaintiff as an associate at the Anniston, Alabama store location as a `loader/stocker.' The Plaintiff sustained an injury by accident while lifting a microwave oven.
 "4. Defendant, Wal-Mart, received timely and proper notice of said accident.
 "5. As of January 17, 1998, the Plaintiff's average weekly earnings were $192.64 per week.
 "6. Following the accident, the Plaintiff was paid temporary disability benefits for 20.8 weeks.
 "7. All authorized medical expenses reasonably and necessarily incurred in the care and treatment of the Plaintiff were paid by the Defendant.
 "8. The parties stipulated at trial the submission of the deposition of Dr. Daniel Harrison.
 "9. Medical records of Drs. Holder, Tippets, Clarke, Espisito, Rivard, Hammer, Zeiger, Harrison and Randolph were admitted into evidence without objection. Additionally, medical records from Stringfellow Memorial Hospital, Northeast Alabama Regional Medical Center and other healthcare provider entities were admitted into evidence.
 "10. Plaintiff testified that she continues to work for Wal-Mart, and is employed as an exit greeter. The job duties and responsibilities of this position are within the Plaintiff's work restrictions as set forth by her physicians. She has not worked since February 20, 2000, due to pain in her neck and shoulder.
 "The plaintiff continues to suffer from her injury at Wal-Mart; she has significant pain in the cervical area and right upper extremity, especially with use; she is limited in her ability to use her right arm when working and this limitation and pain is reflected in her limitations at home and away from work; *Page 1195 
medications do not help with relieving this pain much and she receives at present epidural injections from Dr. Daniel Harrison which do help temporarily; she has difficulty resting and suffers from depression which is related to chronic pain; the condition of her cervical and shoulder area is permanent and has caused her to have significant physical impairment.
 "11. Plaintiff testified she currently earns $6.85 per hour and that she typically works between 28 and 30 hours per week when she is able to work. Thus, Plaintiff currently earns between $191.80 and $205.50 per week when she works.
 "12. Dr. Tippets, Plaintiff's primary treating physician, assessed Plaintiff with a five percent (5%) rating to the body as a whole. Plaintiff was declared to be at maximum medical improvement on September 18, 1998.
 "13. It is the conclusion and finding of this Court, after having observed the demeanor and testimony of the witnesses, taking into consideration the Plaintiff's age, education, training, experience and physical limitations and after having considered all of the evidence at the trial of this case before this Court, that the Plaintiff has suffered an eighty percent (80%) physical impairment as a consequence of this accident.
"CONCLUSIONS OF LAW
 "Based on the aforesaid findings of fact, the Court concludes and adjudges that Plaintiff, Stacy Jobson Reynolds, is entitled to recover from Defendant, Wal-Mart Stores, Inc., for workers' compensation benefits under the laws of the State of Alabama.
 "It is further ORDERED, ADJUDGED, and DECREED by the court as follows:
 "1. The Defendant shall remain responsible for and is ordered to pay the cost of reasonable necessary medical expenses and other benefits which may be required as the result of Plaintiff's aforesaid injury[,] pursuant to provisions of Ala. Code 1975, § 25-5-77.
 "2. That the Plaintiff is awarded an eighty percent (80%) physical impairment pursuant to § 25-5-57(a)(3)(i), which shall be paid as specified below. Out of the aforesaid compensation sum awarded to Plaintiff, Plaintiff's attorney . . . is awarded 15% of the total compensation awarded and said attorney shall have his entire attorney's fee as a lump sum payment from the benefits, which Plaintiff is entitled to receive at present time, as specified above. In addition, said attorney is entitled to be reimbursed from Plaintiff for all reasonable pretrial expenses, which have been incurred by said attorney, which shall also be paid in reimbursement to Plaintiff's attorney from the benefits which Plaintiff is entitled to receive at the present time.
 "3. The court costs in this cause are hereby taxed against Defendant, which include the filing fees and subpoena fees.
 "4. Therefore, Plaintiff is entitled to receive benefits as follows: From September 18, 1998, until February 20, 2000, is 73.5 weeks ($192.64 x .667 x .80 = $102.79 x 73.5 = $7,555.07). Plaintiff is entitled to $7,555.07 in accrued benefits, less her attorney fees stated below. Plaintiff is also entitled to receive $102.79 per week beginning February 20, 2000, and continuing for the next 226.5 weeks (300-73.5 weeks accrued TTD paid = 226.5 weeks, for future partial disability benefits. 226.5 *Page 1196 
weeks reduced to current value = 198.9206 weeks).
 "5. Plaintiff's attorney is entitled to 15% of the accrued $7,555.07 disability benefits, or $1,133.26. He is further entitled to a fee of $3,067.06, which is 15% of the present value, lump sum of future disability benefits due ($102.79 x 198.9206 x 15% = $3,067.06). He also is entitled to his reasonable expenses in bringing this claim in behalf of the plaintiff."
The trial court applied § 25-5-57(a)(3)i., Ala. Code 1975, in determining the extent of Reynolds's impairment. The parties do not dispute the application of § 25-5-57(a)(3)i. to this case. Section 25-5-57(a)(3)i. provides:
 "Return to Work. If, on or after the date of maximum medical improvement, except for scheduled injuries as provided in Section 25-5-57(a)(3), an injured worker returns to work at a wage equal to or greater than the worker's pre-injury wage, the worker's permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability."
(Emphasis added.) This court has held that the trial court is not bound to accept a physician's assigned impairment rating when determining an employee's permanent partial disability rating, but, rather, is free to consider all the evidence, including its own observations, when making its determination, so long as it does not consider evidence of vocational disability. Compass Bank v. Glidewell, 685 So.2d 739 (Ala.Civ.App. 1996).
In reaching its determination in this case, the trial court specifically stated that it considered Reynolds's "age, education, training, and experience." Such factors are routinely considered with evidence of vocational disability. See Burden v. Huckaba, 708 So.2d 199
(Ala.Civ.App. 1997); City of Gadsden v. Johnson, 706 So.2d 1268
(Ala.Civ.App. 1997); Elite Transp. Servs. v. Humphreys, 690 So.2d 439
(Ala.Civ.App. 1997); and Ellenburg v. Jim Walter Res., Inc., 680 So.2d 282
(Ala.Civ.App. 1996). Accordingly, because the trial court considered evidence of Reynolds's vocational disability in this case, we must reverse the judgment of the trial court and remand the case for the trial court to enter an order without considering evidence of vocational disability.
Wal-Mart next argues that the court erred in calculating the benefits owed to Reynolds. We agree. It is clear that the trial court awarded a lump-sum attorney fee in this case. With regard to calculating future weekly benefits when a lump-sum attorney fee has been awarded, this court has stated:
 "Our supreme court, in Ex parte St. Regis Corp., 535 So.2d 160 (Ala. 1988), held that when awarding a lump-sum attorney fee for future benefits, the trial court must calculate the present value of the future compensation, must reduce that amount by the amount of the lump-sum attorney fee, and must calculate the amount of weekly benefits that an employee is entitled to during the period of his or her life expectancy."
Burden, 708 So.2d at 203. There can be no award of a lump-sum attorney fee without a corresponding reduction in the amount of the employee's future weekly benefit. Lee Co. v. Holland, 701 So.2d 18 (Ala.Civ.App. 1997).
We conclude that the trial court awarded a lump-sum attorney fee without making a corresponding reduction in the amount of Reynolds's weekly benefit. Accordingly, we must also reverse this aspect of the trial court's judgment. Upon remand, if the court awards future weekly *Page 1197 
benefits to Reynolds then the court should calculate those benefits in accordance with Burden, supra, taking into account the number of weeks that this case was on appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Crawley, Thompson, Pittman, and Murdock, JJ., concur.