PITTMAN, Judge.
This is the second appeal in this case. See Wal-Mart Stores, Inc. v. Reynolds, 794 So.2d 1193 (Ala.Civ.App.2001) ("Reynolds I”). In Reynolds I, this court reversed the trial court’s judgment finding that Reynolds (“the employee”) suffered an 80% permanent partial disability because we concluded that the trial court had improperly considered evidence of vocational disability in violation of § 25-5-57(a)(3)!., Ala.Code 1975, when the employee returned to work at a greater wage than before the injury. 794 So.2d at 1196. *1259 We reversed the trial court’s judgment and instructed the trial court on remand “to enter an order without considering evidence of vocational disability.” Id.
On remand, the trial court again found that the employee suffered an 80% permanent partial disability. The trial court stated: “[I]t was not the intent of this trial court to base its judgment in any way upon vocational evidence in conflict "with § 25-5-57(a)(3)i nor does it intend to do so with this judgment following appeal and remand.”
The employer appeals from the trial court’s judgment on remand and argues that the evidence does not support the trial court’s finding of 80% permanent partial disability. The employer persuasively argues that the trial court violated § 25-5-57(a)(3)i. by again erroneously considering evidence of vocational disability when the employee returned to work at a wage greater than her wage before the injury. The employer also persuasively argues that the trial court’s finding of 80% permanent partial disability is not supported by the evidence.
This court will not reverse a trial court’s judgment in a workers’ compensation case based on factual findings if those findings are supported by “substantial evidence.” Section 25-5-81(e)(2), Ala.Code 1975. Substantial evidence is “‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). The trial court’s legal conclusions, however, are afforded no presumption of correctness, and this court reviews them de novo. Ex parte Cash, 624 So.2d 576 (Ala.1993).
Several physicians examined the employee. None of them assigned her a physical disability rating over five percent. We conclude that the trial court’s finding of 80% permanent partial disability both before and after our remand directing the trial court not to consider evidence of vocational disability is not supported by the evidence and conflicts with § 25-5-57(a)(3)i. Although the trial court is not bound by expert testimony, a finding of 80% permanent partial disability both before the trial court erroneously considered vocational disability evidence and after the trial court had been instructed on remand to not consider vocational disability evidence is not supported by the evidence.
Therefore, the trial court’s judgment is reversed and the cause is remanded for the trial court to enter a disability finding supported by the evidence.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs.
MURDOCK, J., concurs specially.
YATES, P.J., and CRAWLEY, J., dissent.